## APPOLLOS C. EDGERTON

*v.*

## CORNELIA R. WEAVER *et al.*

*Filed at Ottawa November 20, 1882.*

1. EVIDENCE—*burden of proof to show contract to pay interest on interest.* In a suit where the plaintiff seeks to recover interest on interest after due, the burden of proof is upon him to prove a promise to pay such interest, for a consideration deemed valuable in law, and an acceptance of such promise, either actual or constructive.

2. CONSIDERATION—*forbearance to sue.* Where forbearance is relied on as the consideration of a promise, the proof must show more than that it was followed by forbearance. It must appear, not only that the promise was made for the purpose of obtaining time, and that time was actually given, but also that the indulgence thus accorded was in pursuance of the request implied by the promise.

3. APPEALS—*review of facts.* On an ordinary claim against an estate, taken by appeal to the Appellate Court, where the judgment below is affirmed, this court is precluded from investigating any and all disputed questions of fact, and all matters relating to the character, force and effect of the testimony, on appeal or error.

APPEAL from the Appellate Court for the Second District; —heard in that court on appeal from the Circuit Court of DeKalb county; the Hon. C. W. UPTON, Judge, presiding.

Appellant, as surviving executor of the estate of Gurdon H. Edgerton, deceased, filed a claim in the county court of De Kalb county, against the estate of Norman Weaver, deceased, based on a note and an alleged promise to pay interest upon the interest due thereon,—of which note, and a statement of the payments made thereon, the following is a copy:

"$1240. For value received I promise to pay Charles A. Edgerton and Appollos C. Edgerton, executors of the estate of Gurdon H. Edgerton, deceased, the sum of one thousand two hundred and forty dollars, by the first day of June, in the year 1866, with annual interest at ten per cent per annum, interest payable on the first day of June in each and every year.

"Dated September 29, 1860, De Kalb county, Illinois.
       (Signed.)             NORMAN WEAVER."

Indorsed: "$1000 rec'd March 10, 1876. $500 June 30, 1876. $500 September 20, 1876. $500 October, 1876. $600 December 25, 1876. $400 September 23, 1878."

The county court found there was nothing due the claimant. From that decision an appeal was taken to the circuit court of that county. The cause was there tried by the court, without the intervention of a jury, and that court also gave judgment against the claimant. The claimant then appealed to the Appellate Court for the Second District, and assigned as error in that court—

*First*—The court erred in refusing proper evidence.

*Second*—The finding of the court was against the weight of evidence.

*Third*—The court erred in denying the motion for a new trial, and entering judgment.

The Appellate Court affirmed the judgment of the circuit court, and the case is brought here by appeal from that judgment.

Mr. FRANK E. STEVENS, for the appellant:

A promise to pay interest upon interest due and unpaid at the time of the promise, is valid in law. *Camp* v. *Bates*, 11 Conn. 488; *Van Benschooten* v. *Lawson*, 9 Johns. Ch. 313; *Mowry* v. *Bishop*, 5 Paige, 98; *Wilcox* v. *Howland*, 23 Pick. 167; *Fobes & Adams* v. *Cantfield*, 3 Ham. 17; *Niles* v. *Sinking Fund*, 8 Blackf. 158; *Pawling* v. *Pawling*, 4 Yeates, 229; *Kennon* v. *Dickens*, Cam. & Nor. Rep. (N. C.) 357; *Haworth* v. *Huling et al.* 87 Ill. 23.

Forbearance to enforce payment was a sufficient consideration. *Underwood* v. *Hossack*, 38 Ill. 208; *Austin* v. *Bainter*, 50 id. 308.

The assent of the creditor to forbear may be inferred from his acts in not suing and profiting thereby. 1 Parsons on Contracts, (6th ed.) 476, 483, 478; *Miller* v. *McManis*, 57 Ill. 130; *Robbins* v. *People*, 95 id. 178; *Moore et al.* v. *Rogers*, 19 id. 347; *Dixon* v. *Buel*, 21 id. 203; *Moline Water Power and Manf. Co.* v. *Webster*, 26 id. 233; *Hurd, Admr.* v. *Slaten*, 43 id. 348.

Messrs. LOWELL & CARNES, for the appellees:

Interest is payable on interest only on express contract made after the interest has become due. *Leonard* v. *Villers*, 23 Ill. 377; *Barker et al.* v. *International Bank*, 80 id. 101; *Young* v. *Hill*, 67 N. Y. 162.

Before forbearance is a good consideration for a promise to pay interest, there must be an express agreement to forbear. Mere delay without such an agreement will not suffice. *Thompson* v. *Leith*, 4 Jur. (N. S.) 1091; *Brown* v. *Barkham*, 1 P. Wms. 652.

There was no valid binding contract to forbear for any length of time, and hence the promise to pay interest on the interest due, was void for want of consideration and mutuality. *McKinlay* v. *Watkins*, 13 Ill. 140; *Olney* v. *Howe*, 89 id. 560; Chitty on Contracts, 13; Story on Contracts, secs. 377, 378.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The case seems to have been considered by the Appellate Court purely as presenting only a question of fact, viz: whether the evidence sustained the judgment of the circuit court,—for although one of the errors assigned in that court is that the circuit court erred in rejecting proper evidence, no point appears to have been made in argument on such ruling, and the abstract furnishes no ground for the error. There is, in our opinion, no question of law before us.

The credits indorsed on the note which was read in evidence exceed, by a considerable sum, the amount of the principal of the note and simple interest thereon at the rate provided by the terms of the note,—*i. e.*, ten per cent; and it was not controverted that those payments were in fact made at the dates they respectively bear. The sole controversy was, whether there was a contract to pay interest upon interest. Appellant asserted there was such a contract, while appellees denied its existence. Necessarily, upon this question the burden was upon appellant, and it was incumbent upon him to prove a promise to pay such interest for a consideration deemed valuable in law, and an acceptance of such promise, either actual or constructive.

The consideration claimed for the promise to pay interest upon interest was forbearance, pursuant to the promise. But clearly it was a question of fact, first, whether there was such a promise; second, if such promise, upon what consideration; and third, whether there was an acceptance of such promise.

A promise to pay the debt of another, it has been held, can not be rendered binding by proof that it was followed by forbearance, unless there be something to show, not only that it was made for the purpose of obtaining time, and that time was actually given, but that the indulgence thus accorded was in pursuance of the request implied by the promise.

*Snyder* v. *Leibengood,* 4 Barr, 305 ; *Cobb* v. *Page,* 5 Harris, 469 ; *Shupe* v. *Galbraith,* 8 Casey, 10 ; *Young* v. *Hill et al.* 67 N. Y. 167.   The question is one of fact, which can not be found affirmatively in the absence of proof.  (Ibid.)  And so, obviously, whether actual forbearance, following a promise to pay interest upon interest for forbearance, is evidence of an acceptance of the promise, is a question of fact.  If, under all the circumstances in .evidence throwing light upon the question, it is reasonable to believe the party acted upon the faith of and pursuant to the promise, a jury would be justified in finding that he so acted,—otherwise not.  But it is a mere matter of reasoning about human affairs, in which the individual knowledge and experience of the reasoner as to the motives of human action become a factor.   It is finding a fact from circumstantial evidence,—or, as is said by some writers on evidence, a principal fact from subordinate evidentiary facts.   If the question were whether there was an express acceptance by words, there could be no difficulty in perceiving the question to be purely one of fact; yet the only difference between that and the present question is that between direct and circumstantial evidence.   There the proof is direct, and it is only to determine whether it shall be believed ; here it is indirect, and requires reasoning, as well as perception and memory.   But the conclusion is all the time one of fact,—in the one case, from evidence directly to the point ; in the other case, from evidence more remote, but, it may be, equally convincing.

In *Bridge Company* v. *Comrs. of Highways,* 101 Ill. 519, we held that under section 89 of the amended Practice act of 1877, the sufficiency of the evidence to support the finding in the circuit court, however clear the question, would not be inquired into, and we there said:  "The plaintiff in every action either assumes or expressly charges upon the record the existence of certain facts, upon the proof or admission of which his right of recovery depends.   These facts, thus

assumed or directly alleged to exist, are the principal facts pertaining to the suit.  Sometimes they are established or proved by direct testimony, but they are often, indeed most generally, established by the proof of other facts, from which their existence is inferred.  The latter, being mere evidence of the principal facts, are properly designated as evidentiary facts, and are so known to the law.  Both of these classes of facts we understand to fall within the statutory provisions that make the judgments of the Appellate Court 'final and conclusive as to *all matters of fact* in controversy.'  In short, we understand that the ultimate facts to be proven on the trial, together with all subordinate facts offered as mere evidence of their existence, fall within the general statutory description, 'all matters of fact in controversy,' and as to such matters the statute declares the judgment of the Appellate Court shall be final.  The ultimate propositions to be proven, the evidence submitted in support of them, the finding of the trial court on those propositions, and the judgment of the Appellate Court upon such findings, are matters which this court is not permitted to review where no exception has been taken or question of law has otherwise been preserved upon the record."

Whether the evidence clearly and decidedly preponderates one way or the other is manifestly of no consequence, since to determine this requires us to go into the controverted question of fact.  Nor can it make any difference whether evidence be given upon one side only, or on both, or by but one or by many witnesses, for in a controversy of fact the party holding the negative may insist that the evidence introduced by the party holding the affirmative is insufficient, and on this ground alone controvert the question of fact.

The fallacy of counsel for appellant lies in supposing that the one-sidedness of the evidence, or its sufficiency to prove a fact in issue, can at all be inquired into by this court.  As we said in a case in all respects analogous, (*Fitch* v. *Johnson*,

104 Ill. 118,) after quoting the statute: "All matters relating to the character, force and effect of the testimony, which counsel for appellant have discussed with so much earnestness and ability, are not before us at all, and by the above provision of the statute we are expressly forbidden to consider them." Propositions of law might have been presented to the court whereby the ruling of the judge on the various legal aspects of the case might have been obtained, (*Fitch* v. *Johnson, supra,*) but this was not done.

There being no question of law before us, the judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*