(No. 13037.—Judgment affirmed.)

THE KEE & CHAPELL DAIRY COMPANY, Appellee, vs. THE
PENNSYLVANIA COMPANY, Appellant.

*Opinion filed February 18, 1920.*

1. APPEALS AND ERRORS—*when denial of motion to find for de-
fendant presents question of law for Supreme Court.* In suits at
law the judgment of the Appellate Court affirming that of the trial
court conclusively settles all controverted questions of fact, but
where the question whether there is any evidence tending to prove
the plaintiff's case is properly preserved in the trial court by a
motion to find for the defendant, a denial of the motion, followed
by a judgment for the plaintiff, presents a question of law which
may be reviewed by the Supreme Court.

2. SAME—*when the Supreme Court will presume that the Appel-
late Court considered evidence of title in third person in action of
replevin.* In an action of replevin under the Municipal Court act,
evidence of property in a third person is equivalent to a plea to
that effect by the defendant; and the Supreme Court, in determin-
ing the correctness of the judgment of the Appellate Court affirm-
ing the trial court's judgment for the plaintiff, will presume that
the Appellate Court considered all the evidence on the question of
the plaintiff's title, including the evidence tending to show title in
the third person.

3. REPLEVIN—*effect of plea of property in a third person—bur-
den of proof.* In an action of replevin a plea of property in a third
person does not raise a new issue but is a matter of inducement to
the formal traverse of the right of property in the plaintiff, which
is the real issue in the suit and which must be proved by plaintiff.

4. SAME—*third person cannot take advantage of judgment for
defendant.* Where the defendant in a replevin suit pleads property
in a third person, the third person, who is neither a party to the
suit nor a privy of the defendant, cannot take advantage of a judg-
ment for the defendant.

5. SAME—*when demand is not necessary.* Demand is necessary
where the defendant comes into possession of the goods rightfully,
but a demand is not necessary where the circumstances show that
it would have been unavailing.

6. PRACTICE—*the evidence determines the issues in fourth-class
action under Municipal Court act.* In an action of the fourth class
under the Municipal Court act no pleadings are required and the
issues must be determined from the evidence submitted at the trial.

7. SAME—*motion to find for defendant amounts to demurrer to the plaintiff's evidence.* In an action of the fourth class under the Municipal Court act, a motion to find for the defendant at the close of the plaintiff's evidence and renewed at the close of all the evidence amounts to a demurrer to the plaintiff's evidence, and raises a question of law whether the evidence for the plaintiff, when considered to be true and with the inferences which may be legitimately drawn therefrom, fairly tends to support the cause of action of the plaintiff.

APPEAL from the Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. EDMUND K. JARECKI, Judge, presiding.

WILLIAM J. STAPLETON, and EPSTEIN & FEIWELL, for appellant.

LEVINSON & HOFFMAN, (ARISTA B. WILLIAMS, and L. LOEWENSTEIN, of counsel,) for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

This case is brought to this court on a certificate of importance and appeal from the Appellate Court for the First District, there heard on writ of error to the municipal court of Chicago.

The plaintiff, the Kee & Chapell Dairy Company, a corporation of Chicago, on March 17, 1918, began an action of replevin against the defendant, the Pennsylvania Company, a railroad corporation, to re-possess itself, as owner, of 2000 milk bottles delivered by Ziff & Berman to the defendant, as a common carrier, at Chicago, for shipment to St. Louis, Missouri, to their order. At the hearing in the municipal court without a jury the court entered judgment in favor of the plaintiff, that it have and retain possession of the property replevied, with one cent damages and costs against the defendant. At the close of the plaintiff's evidence, and again at the close of all the evidence, the defendant entered its motion for a finding for it, and tendered

a finding to that effect, which was marked "refused" by the trial court. No other propositions of law were submitted to the trial court by appellant.

This action was brought in the municipal court of Chicago under section 2 of "An act in relation to a municipal court in the city of Chicago," approved May 18, 1905, in force July 1, 1905, as a fourth-class claim. No pleadings are required in that court in this class of cases other than the affidavit, bond and writ of replevin, as provided by the statute. The issues, therefore, must be determined from the nature and character of the evidence submitted at the trial.

It is contended by the appellant in this court that the motion at the close of all the evidence to find the issues joined for the defendant presents a proposition of law to be reviewed by this court and opens for review the entire record. It is contended by the appellee that all of the questions involved in this case are questions of fact, and for that reason there is nothing for review by this court.

The theory of the defendant (appellant in this court) is that these bottles, or a large portion of them, were acquired from dumping grounds in the city of Chicago; that the bottles had been abandoned, after which they found their way to these dumping grounds; that they were the property of Ziff & Berman, a firm of junk dealers, and not appellee's property. On the other hand, it is urged by the appellee, and found by the trial court and by the Appellate Court, that the bottles were originally purchased by the plaintiff and through neglect or carelessness or willful act of its patrons the bottles in question were lost and were not abandoned by the owner; that the bottles were marked, "Property of Kee & Chapell Dairy Company," for purposes of identification; that plaintiff and other dealers in milk had a system of collection and exchange of lost bottles bearing this and other inscriptions; that customers were paid for the return of the bottles, and that such charge was not made with the idea of a sale of the same.

Appellant contends here that the Appellate Court and trial court erred in assuming that the rights of Ziff & Berman were not directly before the court for adjudication, and it urges that the opinion of the Appellate Court shows that court did not pass upon the rights of Ziff & Berman. We have frequently held that our inquiry in cases from the Appellate Court on appeal or writ of error can only be whether or not there was error committed in rendering the judgment appealed from, and in cases at law this inquiry is confined to errors of law. While this court will look into the opinion of the Appellate Court to determine whether that court predicated its judgment solely on an erroneous conception of law, (*Foster* v. *Graff,* 287 Ill. 559,) what that court may assign as reasons for its judgment is not a matter of concern here, where our duty is to determine the correctness of such judgment. (*Pennsylvania Co.* v. *Versten,* 140 Ill. 637; *First Nat. Bank* v. *Miller,* 235 id. 135; *Berry* v. *Turner,* 279 id. 338; *Stanton* v. *Chicago City Railway Co.* 283 id. 256.) It is evident from the record that the question of title in Ziff & Berman was before both the trial and Appellate Courts on the evidence submitted. There were no written pleadings in the case, and the evidence, therefore, may be examined to determine the issues. Evidence of property in Ziff & Berman was equivalent, here, to a plea by the defendant of property in a third person. This defense was taken and urged by appellant in both the trial and Appellate Courts. Under a plea of property in a third person in an action of replevin, with a denial of right of property in the plaintiff, the only issuable fact is the right of property in the plaintiff. The plea of property in the defendant or a third person is a matter of inducement to the formal traverse of the right of property in the plaintiff. Under such plea the plaintiff must recover on the strength of his own title and the burden of proof is on him. Such plea does not raise a new issue. (*Anderson* v. *Talcott,* 1 Gilm. 365; *Chandler* v. *Lincoln,*

52 Ill. 74; *Constantine* v. *Foster,* 57 id. 36; *Reynolds* v. *McCormick,* 62 id. 412; *Lamping Bros.* v. *Payne,* 83 id. 463; *Pease* v. *Ditto,* 189 id. 456.) If the defendant in a replevin suit prevails, the third person in whom such defendant pleads property, not being privy of the defendant, cannot take benefit of the judgment. (*Edwards* v. *McCurdy,* 13 Ill. 496.) It becomes apparent in this case that evidence of the property in Ziff & Berman served only as an additional attack on plaintiff's title, which title plaintiff was bound to sustain by a greater weight of the evidence. In determining, therefore, whether the judgment of the Appellate Court was right in affirming the judgment of the trial court for the plaintiff, this court will presume that that court considered all the evidence touching upon the question of the title of plaintiff. This would include any evidence tending to show the title to be in Ziff & Berman.

Appellant on the trial presented no propositions to be held by the court as the law of the case and presented only the motion for a finding for it. This court can review only questions of law. The only question of that character presented here is that raised by the motion of defendant for a finding in its favor. This court has held that it cannot review the evidence for the purpose of determining whether it sustains the findings of the Appellate Court, but when the question is properly raised and preserved in the trial court whether there is evidence tending to prove the plaintiff's cause of action, such ruling may be examined by this court as presenting a question of law. (*Babbitt* v. *Grand Trunk Western Railway Co.* 285 Ill. 267; *Rigdon* v. *More,* 226 id. 382; *Commercial Union Assurance Co.* v. *Scammon,* 126 id. 355.) While assignments of error were made by the appellant in the Appellate Court concerning the rulings of the trial court on the admissibility of evidence, such alleged errors are not assigned or argued here and we must therefore hold them to have been abandoned. The motion in question amounts to a demurrer to plaintiff's evidence

and raises a question of law whether the evidence in favor of plaintiff, if considered to be true, together with the inferences which may be legitimately drawn therefrom, fairly tends to support the cause of action of the plaintiff. *Brophy v. Illinois Steel Co.* 242 Ill. 55.

The other assignments of error of appellant are, that the Appellate Court erred in refusing to hold that plaintiff failed to identify the property replevied as its property; that it failed to prove title to the property replevied; that it failed to make demand on the defendant for the return of the property before the writ was sued out; that that court erred in refusing to hold that the bottles in question were abandoned and derelict property; and that plaintiff had failed to tender the money necessarily expended in reclaiming the property.

Counsel give much space in their briefs to a discussion of the above questions of fact. In this case the facts were practically all controverted, and the Appellate Court has affirmed the judgment of the trial court. In suits at law the judgment of the Appellate Court affirming that of the trial court conclusively settles all controverted questions of fact. (*Chicago Title and Trust Co.* v. *Goldsmith,* 173 Ill. 326; *Eberhart* v. *Greenberg,* 231 id. 79.) In passing upon propositions of law this court is not permitted to review the evidence for the purpose of determining whether or not the Appellate Court found the facts in issue correctly. (*Montgomery* v. *Black,* 124 Ill. 57; *St. Louis and Cairo Railroad Co.* v. *East St. Louis and Carondelet Railway Co.* 139 id. 401; *Lewis* v. *Springville Banking Co.* 166 id. 311.) In a suit at law tried without a jury, if no question of law is raised by submission of propositions of law or by exceptions to the rulings of the court upon pleadings or evidence, there is no question for this court on appeal from the Appellate Court, even though a certificate of importance is granted by that court. (*Hobbs* v. *Greifenhagen,* 194 Ill. 73.) Where no questions of law are raised on the trial and

preserved, the judgment of the Appellate Court affirming the judgment of the trial court conclusively settles all questions of fact. *Edgerton* v. *Weaver,* 105 Ill. 43; *Miller* v. *Union Central Life Ins. Co.* 110 id. 102.

Proceeding, under the question of law raised by appellant's motion for a finding for it, to examine the evidence of the plaintiff to determine whether or not it fairly tends to support its cause of action, we find that one of appellee's witnesses identified one of the bottles offered in evidence as one of those that came from the car. This bottle bore the name and trade-mark of appellee and the words, "Property of Kee & Chapell Dairy Company." Plaintiff's testimony shows this to be true of all of the 2000 bottles in question. The manager of appellee also testified that he had been with appellee for twenty-two years; that appellee never at any time sold milk bottles along with the contents; that appellee always requested return of the bottles; that it had arrangements with different junk dealers in the city for the collection of these bottles wherever found, and employed, with other milk dealers, a man named Hoganson to search for and locate lost bottles for appellee and other dealers. Plaintiff's evidence tends to show, if taken to be true,—as it must be for the purposes of this inquiry,—the identity of the bottles in question and that it had not abandoned the bottles used by it but had endeavored to re-possess those lost. The evidence also tends to show, in addition to the trade-mark and name of appellee blown in the bottles, that such bottles were made for the appellee and that it had owned them originally and had never intended to sell or transfer its property right in them. We are of the opinion that appellee's evidence fairly tends to support its title to the property replevied and that it had never parted with such title.

One of plaintiff's witnesses testified that upon learning that the car of bottles in question was in the possession of the defendant he went to and talked with the chief or as-

sistant freight agent of the appellant, saying that there was a car-load of milk bottles going away which belonged to the people he represented and that he was going to take those bottles out, to which the reply was made that if he took them he would have to do so legally. Even though this be considered not sufficient as a demand, it is sufficient to show that a demand would have been unavailing and therefore unnecessary, as the effect of appellant's statement was that it would not surrender the property without a writ being issued. While demand is usually necessary where the defendant comes into possession of the goods rightfully, yet where the circumstances show that demand would be unavailing such demand is not necessary. *Cranz* v. *Kroger,* 22 Ill. 74; *Johnson* v. *Howe,* 2 Gilm. 342.

Concerning the tender of money necessarily expended in reclaiming the property, there is no evidence thereof in the record. It is not contended by appellant that it expended any money in securing possession of the property. Whether Ziff & Berman made such expenditures or not is immaterial, as they are not parties to the lawsuit, and the matter of their property rights is, as we have seen, before the court only as a matter disputing plaintiff's title.

We are of the opinion, therefore, that there is in the record evidence of the appellee fairly tending to support its cause of action. Whether or not this court would have made a finding of the same character were it allowed to review the entire record does not enter here. The judgment of the Appellate Court affirming that of the trial court precludes our review of controverted facts.

For the reasons here indicated the judgment of the Appellate Court must be affirmed.      *Judgment affirmed.*