## UNITED STATES FIDELITY & GUARANTY CO. v. YODER, et al.

(No. 1799; Sept. 29, 1933; 25 Pac. (2d) 394)

294

The cause was submitted for the plaintiff and appellant on the briefs of *M. A. Kline, O. O. Natwick* and *A. D. Walton,* of Cheyenne, Wyoming.

The case was submitted for defendants Ayers,

Yoder and Jones upon the brief of *Kinkead & Pearson.*

The cause was submitted for defendant Charles Hirsig upon the brief of Matson & Swainson and Carleton A. Lathrop of Cheyenne, Wyoming.

298

The cause was submitted for defendant *Charles*

*R. Mason* on the brief of *Chiles P. Plummer* of Chey-
enne, Wyoming.

M. A. Kline for appellant in reply.

MURANE, District Judge.

The parties will be referred to as plaintiff and defendants. From the finding and judgment in favor of defendants, the plaintiff has appealed to this court.

This action was brought in Laramie County District Court, plaintiff praying judgment against seven defendants in the sum of $10,039.45 claimed by plaintiff to be due it under the terms of an indemnity bond. A copy of the indemnity bond is attached to plaintiff's petition, is identified in the record as Exhibit "C" and is the basis of the plaintiff's second cause of action. The record makes it unnecessary for us to consider plaintiff's first cause of action.

The Platte County State Bank of Wheatland, Wyoming, was organized under the banking laws of Wyoming and was á duly designated depository for state funds. Some time prior to the year 1922 the plaintiff became surety on two bonds in the sum of $5,600.00 each, executed by the bank as principal and the plaintiff as surety, conditioned that the bank would pay to the State of Wyoming on demand any funds deposited in the bank by the State. Under the terms and conditions of the depository bonds, the plaintiff had the right to terminate its obligation under said bonds and to cancel the same by giving thirty days notice in writing of its intention so to do to the Governor and State Treasurer of the State of Wyoming.

In the month of March, 1922, the plaintiff, through its department located at Denver, Colorado, opened correspondence with its local representative or agent, the Mason Fire Insurance Agency at Wheatland, with the object of securing an indemnity bond or agreement from the directors of the

bank to indemnify it in case of loss on its depository bonds covering State deposits in the Platte County State Bank. This correspondence continued periodicaly until about the 13th or 14th of July, 1922. During this period two or possibly three proposed bonds were sent in, to plaintiff's Denver office, by the Mason Fire Insurance Agency. One bond sent in was signed at the bottom of the front page, "Platte County State Bank, Otto E. Rouse," and on the reverse side was a property statement signed by all the defendants, who were at the time directors of the Platte County State Bank. On April 11th, 1922, this bond was returned to the Mason Fire Insurance Agency from the plaintiff's Denver office. The letter of transmittal contains the following language:

"We have yours of the 6th inst., inclosing indemnity bond signed by the officer of the bank in his official capacity. We are returning same herewith with advice that we want the indemnity bond signed by the individual Directors of the bank and not in their official capacity. These signatures should be affixed on the lines check-marked and acknowledged before a Notary Public and on the reverse side property statements furnished."

All the correspondence carries the demand of plaintiff for a bond executed by all the directors of the bank. On May 16th, 1922, the plaintiff writes to the Mason Fire Insurance Agency at Wheatland, Wyoming, in part as follows:

"We are returning the indemnity bond signed by the bank as it is of no value to us. * * * Have one signed by each of the directors, and as the wealthier directors live away from Wheatland, we would thank you to send the new form to them for their signatures."

After Exhibit "C" as originally executed was re-

turned to the Mason Fire Insurance Agency the name of the Platte County State Bank was erased from the bottom of the front page of the bond and the signatures of defendants Mason, Jones and Rouse were substituted. This document was on July 13th, 1922, forwarded to plaintiff by the Mason Fire Insurance Agency and the negotiations seem to have come to an end, though the document did not comply with the demand of the plaintiff. There is no evidence in the record that plaintiff served the notice of cancellation provided for its depository bonds, nor is there any direct evidence that plaintiff would serve the notice of cancellation if an indemnity bond was not furnished. There is no direct evidence that any of the defendants requested plaintiff to continue as surety on the depository bonds, while there is evidence by defendants that they did not make such a request.

Plaintiff remained surety on the depository bonds until February 17th, 1923, when the Platte County Bank closed its doors, and the plaintiff was compelled to pay to the State of W y o m i n g the sum claimed in its petition. We deem the foregoing statement sufficient so that our decision may be understood.

There are sixty-nine specifications of error relied upon by plaintiff, and we have given consideration to each of them, but we will not discuss them all because the view we have taken makes it unnecessary. If error occurred in the admission or rejection of evidence, it was without prejudice to plaintiff because it could not change the results which necessarily and naturally flow from the competent, undisputed evidence.

Under the foregoing facts the question arises was there a meeting of the minds of the contracting parties so that Exhibit "C" ever actually became a con-

tract binding upon the parties. If this question is answered in the negative it then becomes unnecessary to consider the separate defenses interposed by the several defendants.

Plaintiff alleges in its petition that it "agreed with the defendants to continue as surety upon said depository bonds of said The Platte County State Bank and not to terminate its obligation under the terms and conditions of said bond." The only evidence we find in the record tending to support this allegation is the fact that plaintiff did not serve the notice cancelling its obligation on the depository bonds. From that fact must it be implied that plaintiff promised or agreed not to withdraw from the depository bonds, or that its failure to withdraw was pursuant to a request? We think not.

All the cases agree that mere forbearance without request is insufficient. Williston on Contracts, Sec. 136. Plaintiff alleges and contends that there was a request by defendants that plaintiff forbear from serving the notice of withdrawal from the depository bonds. There is no direct evidence of a request to forbear. The request to forbear need not be expressed but may be inferred from the surrounding circumstances, and, whether the surrounding circumstances show a request is a question of fact. The trial court found this fact against plaintiff and we think the evidence justified the trial court in so finding. To establish a legal contract to forbear, forbearance being a delay in enforcing rights, plaintiff must allege and prove the inducement of postponement by a promise. There must be proof of a request to forbear, and of a promise to forbear, or that the forbearance was pursuant to a request. No promise on the part of plaintiff ever was a barrier to serving the notice of cancellation. Had the plaintiff at any time subsequent to July 14,

1922, served the notice of withdrawal from the depository bond, defendants could not have successfully claimed that by reason of Exhibit "C" plaintiff had agreed to forbear or forego its rights to withdraw from the bonds.

At the time Rouse, Mason and Jones signed Exhibit "C" they knew that plaintiff was insisting that an indemnity bond be properly executed by all the defendants and whether you give effect to the evidence of the three defendants that they signed under the agreement and upon the condition that it would not become binding or operative as to them until signed by all the other directors, or that they signed knowing that the other defendants would refuse or had refused to sign, but believing from the previous correspondence with the plaintiff that, signed only by three of the directors, it would not be acceptable to plaintiff, makes little if any difference, the plaintiff never having notified them that the bond, which admittedly was not executed by the parties requested, was acceptable or accepted by plaintiff. In either case, there was not a meeting of the minds of the parties.

The points involved in a decision of the case at bar have been passed upon by this court in the case of Albany National Bank of Laramie v. Dodge, 41 Wyo. 286, 306, 285 Pac. 790, 796, where this court uses the following language:

"If the forbearance is neither pursuant to a promise nor upon a request it is not bargained for and given in exchange for the promise of the guarantor. The request to forbear, however, need not be expressed, but may be inferred from the surrounding circumstances. Fullerton v. Provincial Bank, (1903) A. C. 309; Miles v. New Zealand etc. Co., 32 Ch. Div. 266, 290; Edgerton v. Weaver, 105 Ill. 43; In re All Star Feature Corp., 232 Fed. 1004; McDonald Bros. Co. v. Koltes, 155 Minn. 24, 192

N. W. 109. Whether the surrounding circumstances show a request is a question of fact."

In the foregoing case this court reviews the authorities at length. We are satisfied with the decision arrived at and feel that it is decisive of the case at bar. We find no reversible error in the record.

The judgment of the trial court is accordingly, affirmed.

KIMBALL, Ch. J., and BLUME, J., concur.

BLUME, Justice.

In this case there was no express promise to forbear. Hence, in order that there may be said to be a consideration for the bond signed by Rouse, Mason and Jones, it must appear that the forbearance in this case was pursuant to a request on the part of the signers of the bond. Albany National Bank v. Dodge, 41 Wyo. 286, 306, 285 Pac. 790. Assuming, without deciding, that a request on the part of these three defendants might be implied from the fact that the bond was signed by them and forwarded to the plaintiff, there is nothing in the record that would require the trial court to find that the forbearance was in pursuance thereto. There was in any event, no outward circumstance to indicate that to be true. It may be that the forbearance was in pursuance of something else. Perhaps the plaintiff preferred to stay on the bond so as not to be required to return any unearned premium, or, as is not at all unlikely, the matter was simply delayed until plaintiff should have a better opportunity of obtaining a more complete compliance with its request to have on the bond the signatures of the main stockholders of the bank. Plaintiff, under the circumstances, undoubtedly had the burden to show that it forbore pursuant to a request, and when it,

after receiving the bond, which was not in the form requested by it, remained absolutely silent, retaining the right to get off the bond at any time, the trial court was not, I think, bound to find that the forbearance was pursuant to any implied request.

KIMBALL, Ch. J., and MURANE, District J., concur.

October Term, 1933