L. E. Myers Company, Appellee, v. Sanitary District
of Chicago et al., Appellants.

Gen. No. 42,500.

Opinion filed June 21, 1943.

ERNST BUEHLER, THOMAS F. DONOVAN, MEYER C. ED-
ELMAN and WILLIAM C. OEHLSEN, all of Chicago, for
appellants.

JOSEPH KEIG, of Chicago, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the
court.

November 28, 1941, plaintiff filed its complaint against The Sanitary District of Chicago and its officers, praying that a writ of mandamus issue commanding them to pay forthwith $5,885.23. After the issues were made up the cause was heard by the court without a jury. The court found the issues for plaintiff, awarded the writ and defendants appeal.

The record discloses that March 6, 1924, plaintiff entered into a contract with defendant, The Sanitary District of Chicago, by which plaintiff was to do certain work for The Sanitary District for which it was to be paid upon calculations made upon the number of units of work done. Plaintiff completed the work and it was accepted by The Sanitary District October 15, 1924. Plaintiff had been paid on estimates made as the work progressed a total of $41,196.57, while the actual cost of the completed work was $47,081.80, the difference being 12½ per cent reserve or $5,885.23 withheld by defendant, for which plaintiff sues. Work was completed, the payments made as above stated. Plaintiff claimed $35,266 more which it said was due and owing for the work done as figured under the terms of the contract. This was disputed by The Sanitary District. Negotiations were carried on for a time between the parties but no result was reached.

The evidence shows that The Sanitary District had audits of its records made by persons selected by the Auditor of Public Accounts, as required by the statute, for the years 1932 to 1938. In each of these audits appears the contract of L. E. Myers Co. with The Sanitary District; the work shown to be done, "McCormick Road—Spoil Bank Removal," the date of the contract, "3-6-24." Then follow the "Original Estimate," another column of extras, and the total of the cost of the completed work at $47,081.30. The next column shows the payments made totalling $41,196.57. The column following is "Reserve withheld" $5,885.23. These same items are again shown on the statement

of the annual audits as of December 31, 1940. The audits were approved by the board of trustees of The Sanitary District for the years 1935 to 1940, both inclusive, by including them in the annual budgets of The Sanitary District. There is no dispute that the facts are as above stated, in fact counsel for defendants on the hearing said: "I admit we held in reserve at the time that this work was completed $5,885.23, and I set up [in defendants' answer] that a cause of action to recover it accrued that day. . . . but he [plaintiff] slept on his remedy to collect." Apparently the reason the matter was not adjusted was that the parties could not agree as to the extra payment claimed by plaintiff, above mentioned.

October 1, 1941, plaintiff's attorney wrote Mr. Woodhull, president of The Sanitary District, a long letter about the claim in which he seeks to explain the reason for plaintiff not pressing its claim, which is not important here, and stating that plaintiff had instructed him to make no claim for the extras but only for what is due, as shown by the records of The Sanitary District. Counsel suggested that probably the claim is barred by the Statute of Limitations, but he thinks The Sanitary District should not interpose such a defense. But in the last paragraph of the letter counsel said: "Since I originally wrote this letter, I find that the public records of the Sanitary District acknowledge in 1940 the existence of the debt. I am therefore not too sure that the Statute of Limitations is a bar which might successfully be invoked by it. However, I would prefer that the Sanitary District would pay its acknowledged debt rather than put me to the expense of compelling it to do so, even if I could. A record of the showings in the Sanitary District audit for the year ending December 31, 1940 is attached to this letter." Apparently this audit showed that the District still had in reserve the $5,885.23.

Counsel for defendants say: "The bookkeeping entries made by the accountants in their audits to the Auditor of Public Accounts were not the best evidence and were otherwise incompetent." We think there is no merit in this contention. The audits were prepared as required by the statute by a person selected by the Auditor of Public Accounts. They were approved almost yearly for a number of years in the annual budget, the annual appropriation ordinance, and in the tax levy ordinance, all of which were approved by a vote of the trustees of The Sanitary District.

We are also of opinion that the claim was not barred by the 5 or 10 year Statute of Limitations for the reason, as stated, that the records of The Sanitary District showed that as late as December 31, 1940, it admitted that it held the $5,885.23 which was due and owing to plaintiff, *Coulson v. Hartz*, 47 Ill. App. 20.

We are further of opinion that there is no merit in defendants' contention that plaintiff was required to make a demand for payment before bringing its suit and that no proper demand was shown. The record shows that a demand was made by counsel for plaintiff October 1, 1941, when he wrote a letter to Mr. Woodhull, president of The Sanitary District, and the demand was refused as shown by a letter from the attorney for The Sanitary District October 20, 1941, in which counsel stated that plaintiff's claim, as evidenced by its counsel's letter, was taken up by The Sanitary District, and the officials had refused to pay the claim because it was barred by the Statute of Limitations.

Moreover, it is clear that any demand made would have been unavailing and in such circumstances no demand is required as the law never requires the doing of a useless act, 26 Cyc. p. 182; *Chicago Kansas & Western R. Co. v. Board of Commrs. of Chase Co.*, 49 Kan. 399; *State v. Wrightson*, 56 N. J. L. 126; *Santa Fe County v. Coler*, 215 U. S. 296; High's Extraordinary Legal Remedies, 3rd Ed. § 13, p. 18. Some-

what analogous is the rule in replevin cases which holds that where the record discloses a demand would be unavailing, none is required. *Nat. Bond & Inv. Co. v. Zakos,* 230 Ill. App. 608; *Kee & Chapell Dairy Co. v. Penn. Co.,* 291 Ill. 248.

The record discloses that in the summary of estimated revenues and expenditures for the fiscal year 1942, as shown by the records of The Sanitary District, there was an excess revenue over appropriations of $7,144.84. In these circumstances, The Sanitary District has the money with which to pay this judgment, long overdue, and to which there is no defense. The money has been withheld, as shown by the records of The Sanitary District.

The judgment of the superior court of Cook county is affirmed.

*Judgment affirmed.*

MATCHETT, P. J., concurs.

MR. JUSTICE McSURELY participated in the decision of this case but passed away before the opinion was filed.