Laurence E. Wiles, Administrator of Estate of Donald Lee Wiles, Deceased, Appellant, v. Association of Commerce of Decatur, Illinois et al., Defendants. Association of Commerce of Decatur and Decatur Park District, Appellees.

Gen. No. 9,553.

Opinion filed October 29, 1947. Released for publication November 25, 1947.

J. G. ALLEN, JOHN R. FITZGERALD and F. R. WILEY, all of Decatur, for appellant.

VAIL, MILLS & ARMSTRONG, of Decatur, for certain appellee.

MONROE, ALLEN & McGAUGHEY, of Decatur, for certain other appellee.

MR. JUSTICE DADY delivered the opinion of the court.

This is a suit brought by the plaintiff against the Association of Commerce of Decatur, Illinois, an Illi-

nois corporation, and Decatur Park District, a municipal corporation, and Decatur Baseball, Inc., to recover damages for the death of plaintiff's intestate, a child aged seven years, through a fall from the roof of a grandstand alleged to be on property belonging to and in the possession of some one or more of the defendants. All counts are based on the attractive nuisance doctrine.

The trial court sustained the motion of the defendant Decatur Park District to strike counts 4, 5 and 6, and the motion of the Association of Commerce to strike counts 5 and 7, and dismissed the suit as to said two defendants, but denied motions of Decatur Baseball, Inc. to strike and dismiss. The plaintiff brings this appeal. Decatur Baseball, Inc. is not concerned with this appeal.

For the purposes of this opinion we believe it sufficient to state that we will assume that each of such counts sufficiently charges and describes such grandstand as being an attractive nuisance, attractive to children; that on August 25, 1945, the child in question, aged seven years, was thereby attracted to and went on and fell from the roof of such grandstand, and died as a result of such fall; that such child left a father and mother who were at all times in the exercise of due care; that defendants knew, or through the exercise of ordinary care could have known, such grandstand was an attractive nuisance and that children playing there were in danger of serious injury.

Count 4 alleged that on August 25, 1945, the three defendants owned said premises. Counts 5, 6 and 7 alleged that on May 1, 1945, the Association of Commerce "was the owner and in possession" of the premises, and on that date conveyed the premises to the defendant Decatur Park District; that until two years before the conveyance the premises had been used as a baseball park by a Decatur team for its home games,

for which games it charged admission; that for the past two years the premises had stood idle and unused; that the Decatur Park District after acquiring the property had not dedicated or declared it or any part of it to be a public park by any action or other proceeding, and it had not been made a part of the park system or used in any particular for public purposes; that on August 4, 1945, the Association of Commerce by quitclaim deed, conveyed to defendant Decatur Baseball, Inc., all interest which it had not previously conveyed to the defendant Decatur Park District.

A copy of each of such deeds was attached to and by reference made a part of the complaint.

The deed from the Association of Commerce to the Park District, dated and acknowledged May 2, 1945, was recorded May 16, 1945, in Book 879, page 612, and stated that in consideration of "One dollar and other good and valuable considerations," the grantor conveyed and warranted to the Park District the premises in question, "reserving, however, to the grantor, its successors and assigns, the right to the exclusive use and occupancy of said lands and the improvements thereon from March 15th to October 1st of each and every year hereafter upon the following terms and conditions: (a) the use thereof at all times to be lawful; (b) the grantor or its assigns shall have the right to make improvements or repairs at its own costs and expenses, but shall not allow any mechanics liens to accrue or mature; (c) the grantee shall not be obliged to repair the improvements thereon; (d) the grantor covenants for its successors and assigns to carry or cause to be carried insurance . . . insuring against loss caused by fire and on account of any and all claims for damages to persons or property during, arising out of or by reason of any operations of the grantor, its successors or assigns, under the right reserved herein . . .; (e) for any breach of the

terms and conditions hereof and failure to correct such default within thirty days after notice in writing from the grantee, all rights reserved to the grantor hereunder may, at the option of the grantee, be forfeited and terminated.''

The deed from the Association of Commerce to Decatur Baseball, Inc., was dated and acknowledged August 8, 1945, and stated that in consideration of one dollar and other good and valuable considerations, the grantor conveyed to the grantee all right, title and interest which it had in and to the premises in question, describing them by metes and bounds. The deed then stated that ''by this agreement the grantor conveys to the grantee all right, title and interest which it has in and to the above described premises, and which were reserved by the grantor herein in that certain warranty deed by it to the Decatur Park District, . . . recorded . . . in Book 879 at Page 612.''

Count 5 further alleged (1) that on August 25, 1945, through such two conveyances and previous ownership by the Association of Commerce, the ownership was in all three of the defendants, or in Decatur Park District, free and clear of all reservations and restrictions; or (3) in the Association of Commerce free of any interest in the Decatur Park District, or (4) in the Association of Commerce or Decatur Baseball, Inc., free of any title or interest of the Decatur Park District, or (5) in Decatur Baseball, Inc., free of all right, title or interest of the other two defendants, and that possession on August 25, 1945, was in all of the defendants, or in the Park District, or in the Park District and the Association of Commerce, or in the Park District and Decatur Baseball, Inc., or in Decatur Baseball, Inc., or in the Association of Commerce.

Count 6 alleged that on May 2, 1945, the Park District was the owner and in possession of said premises, while count 7 alleged that on August 25, 1945, the Association of Commerce was the owner and in posses-

sion of said premises, and had been the owner and in possession for, to-wit, one year prior thereto.

Plaintiff contends that the deed from the Association of Commerce to the Park District was void as (a) being contrary to law; (b) being in contravention of public policy; (c) beyond the power of the Park District to acquire, and (d) an attempt to perpetrate a fraud upon the public, and further contends that if the deed is valid then the reservations therein are void. Plaintiff cites no authority which we consider in point. It is our opinion that the plaintiff is not in a position to thus collaterally attack the validity of such deed or of the reservations therein. (See *City of Champaign v. Harmon,* 98 Ill. 491, 495; *McQuillan on Municipal Corporations,* vol. 3, sec. 1124.)

The accident occurred on August 25, 1945, which was fifteen days after the Association of Commerce had by deed conveyed to Decatur Baseball, Inc. all of the interest of the Association in the premises. The allegation in the complaint that on August 25, 1945, the Association of Commerce was in possession of the premises was a mere conclusion of the pleader, not supported by but obviously contrary to the facts alleged. (See *Leitch v. Hine,* 393 Ill. 211, 217; *Grove v. Templin,* 320 Ill. 597, 602.)

It is our opinion that the judgment as to the Association of Commerce should be affirmed.

As to the liability of the Park District, the district contends that the right of control and possession of the premises at the time of the accident on August 25, 1945, was, under the admitted facts, in Decatur Baseball, Inc. and not in the Park District. It will be noted that the deed from the Association of Commerce to the Park District was dated May 2, 1945, and in the deed it was stated that the grantor reserved the right to the exclusive use and occupancy "from March 15th to October 1st of each and every year thereafter." Such language does not clearly state whether the

grantor was entitled to possession from May 2, 1945, to October 25, 1945, but we do not consider it necessary to pass upon such question.

The plaintiff has cited fifteen cases holding that a municipal corporation is liable for the maintenance of an attractive nuisance on its premises where injury results, such as *City of Pekin v. McMahon*, 154 Ill. 141. Fourteen of such cases were against cities and one against a sanitary district. Plaintiff has cited no case where a park district was held liable. The Decatur Park District was organized under "An Act to provide for the organization of park districts and the transfer of submerged lands to those bordering on navigable bodies of water." (See p. 2385, Rev. Stats. 1945 [Ill. Rev. Stat. 1945, ch. 105, par. 256 *et seq.*; Jones Ill. Stats. Ann. 96.403 *et seq.*].) In *Stein v. West Chicago Park Commissioners*, 247 Ill. App. 479, the defendant was organized under an Act somewhat similar to the Act under which the defendant Park District was organized. That case was brought to recover damages resulting from the death of a ten-year-old boy in falling through the ice in a park lagoon. The court held that the defendant was not liable for the negligence of its agents and servants. In *Hendricks v. Urbana Park District*, 265 Ill. App. 102, the defendant was organized under the same Act as the present defendant was organized under. The action was to recover damages resulting from the death of a twelve-year-old boy while swimming in a swimming pool maintained by the defendant. In holding the defendant not liable the court said: "No authority is given by law to the municipality to pay damages in any such case, and no provision is made by law or otherwise to levy and collect taxes or other funds to be applied to such purpose and under the well known rule that municipalities can only exercise such powers as are specially conferred by statutes, or such as may be inferred from the express grant, we are constrained to hold that park districts

of the nature of appellee are not liable in damages for the negligent acts of its officers, such as are charged in the declaration in this case.'' In *Love v. Glencoe Park District,* 270 Ill. App. 117, the defendant was orgánized under the same act. It was another drowning case. In holding the defendant not liable the court said: ''The park district created under the act already referred to exercises functions governmental in their character inasmuch as they are exercised for the benefit of the general public. There is some conflict in the decisions, but we are of the opinion that the general rule is in conformity with that expressed by the courts of this State. The great weight of authority appears to hold that the members of the park board, said board having been created as it was for the use of the general public, are not liable individually, nor is the park district. . . . The fact that the public was required to pay a certain fee or charge in order to avail itself of the use and privilege of the park does not change the character of the park district as a governmental agency. . . . No provision is made for the payment of any damages growing out of personal injuries and there is no fund out of which judgments of such character could be paid. It is true the commissioners of the park district have authority to raise funds by taxation, but this fund necessarily must be expended for the purposes for which the park district was created and it cannot be used for any other purpose. . . . We are of the opinion that it is not requisite in considering the case at bar to discuss the question as to whether or not the defendant was operating in a private or governmental capacity. The park district had no functions that were private in their character. It was operated for the benefit of the public generally and for no other purpose.''

Following the rule of law stated in such holdings, it is our opinion that the judgment of the trial

court as to the defendant Park District should be affirmed.

The judgment of the trial court appealed from is therefore affirmed.

*Affirmed.*