George P. Porter, as Guardian of the Estate of Patrick A. Porter, a Minor, Plaintiff-Appellant, v. Nina E. Miller and Emma Alms, Defendants. Emma Alms, Defendant-Appellee.

Gen. No. 10,264.

Third District.

February 18, 1960.

Released for publication March 7, 1960.

Philip C. Zimmerly, of Champaign, for plaintiff-appellant.

Reno and O'Byrne, of Champaign, for defendant-appellee.

JUDGE ROETH delivered the opinion of the court.

Suit was brought by plaintiff George P. Porter, as guardian of Patrick A. Porter, a minor, against Nina Miller and Emma Alms for injuries sustained by the minor, who was burned in a fire started by Miller on land allegedly owned by Alms. Subsequently the suit was dismissed as to Miller with prejudice on motion of the plaintiff. The complaint as against Alms alleged that she was the owner of a certain vacant lot

of land within the city limits of Champaign, Illinois, and adjacent to a home wherein Miller resided. That on April 18, 1957, Miller started a fire on the lot owned by Alms next to the home in which she resided, burning trash that she had taken out of her home; that she left the fire unattended and plaintiff was injured when his clothing caught fire while he was playing around the same. The complaint alleged that the lot was not fenced in and easily accessible and visible from the street near it and that Alms knew this and knew that children played on and were around the lot, and that she knew or should have known that the fire was on her lot and that it was dangerous. The complaint was not verified. Alms filed a verified answer in which she in substance denied ownership of the lot on April 18, 1957, and denied all material allegations of the complaint. As a part of her answer she set up a special defense in which she alleged in substance that on July 19, 1955, she and her husband had executed a contract of sale to one Kermit Nogle for the vacant lot; that they had also executed a warranty deed for said lot which was placed in escrow; that on July 19, 1955, she and her husband delivered possession of said lot to Kermit Nogle and that he accepted and took possession of the same; that said Kermit Nogle remained in possession of the lot until July 12, 1957; that Kermit Nogle paid all general taxes and special assessments levied against said lot from July 19, 1955, through July 12, 1957; that Kermit Nogle exercised complete possession and dominion over said lot, and that neither she nor her husband from July 19, 1955, to July 12, 1957, exercised any control, management, maintenance, operation or possession over said lot; that on April 18, 1957, (the date of plaintiff's injury) neither she nor her husband were in any way in possession of, nor were they exercising any control, management, operation or maintenance of said lot, nor did they have any

426

right to do so. A copy of the contract of sale was attached to the answer.

Plaintiff then filed a reply to the special defense in which he either denied the allegations aforesaid or alleged that he had no personal knowledge of said allegations and "therefore *for the purposes of pleading* denies the same." (Emphasis supplied.) There is attached to this reply an affidavit by George P. Porter in which he swears that he has read the foregoing reply and that "he is clear with the matter and things therein set forth, and that they are true as alleged." Defendant Alms then filed a verified motion for Summary Judgment and attached affidavits of herself and the purchaser, along with a copy of the contract. The contract provided for the sale of two lots for a total price of $8,700, $500 to be paid at the time of the contract, July 19, 1955, and the balance in two installments, one of $4,000 on October 15, 1955, and the balance on October 15, 1956. From all that appears, the down payment and the first installment were paid, and the deed to the lot not involved herein was delivered to the buyer. The deed to the lot involved was, at the time of the contract, placed in escrow with directions to deliver the deed on fulfillment of the contract. The contract provided that possession of the lots would be delivered to the buyer immediately. From the notations appearing on the back of the contract, it appears that interest payments were made to October 15, 1956. A notation on the contract, signed by the parties, extended the time of payment to October 15, 1957, by mutual agreement. This is not dated and nothing is alleged as to the time this extension was granted. A further note on the contract declares the same null and void as of July 12, 1957. The affidavits of defendant and the purchaser allege the execution of the contract on July 15, 1955, and that the deed to the lot in question was placed in escrow. It further alleged that the contract was still in effect

427

at the time of plaintiff's injuries, and that the deed was, at that time, still in escrow. It is also stated that possession, dominion and control of the real estate was transferred to the purchaser on July 19, 1955, subject only to the terms of the agreement and that defendant had not exercised any rights of possession, dominion and control of any kind whatsoever in connection with the real estate in question from July, 1955, to July, 1957. The purchaser in his affidavit stated he was in exclusive possession, dominion and control of the real estate at the time of the accident and that there was no agreement, oral or written, whereby any permission had been granted to defendant Alms to exercise any possession, dominion or control over said real estate. The purchaser also alleged that he paid taxes subsequent to July, 1955, up to July 12, 1957. Plaintiff then filed an answer to the motion for summary judgment not verified in which he alleged that the pleadings filed show a genuine issue as to a material fact and in support of that answer incorporated all pleadings previously filed by him. From the lower court's order granting defendant's motion for summary judgment, plaintiff appealed.

It is conceded that the complaint sets out a cause of action, for this point is not raised. The sole question is whether the court properly granted a summary judgment to defendant, considering the allegations made in the motion and affidavits.

■ Plaintiff concedes that if defendant was not in possession of the land under the facts alleged herein she could not be liable. It is significant that plaintiff in the complaint does not allege specifically that Alms was in possession of land. Rather reliance for liability is predicated on claimed ownership. Having sold the land in question, her liability for subsequent negligent use of the land that caused injury to a third person ceased at the time of the sale and transfer of

428

■■■■■■■■■■

possession. Wiles v. Association of Commerce of Decatur, 332 Ill. App. 375, 75 N.E.2d 526.

Plaintiff contends that defendant's affidavit, answer and motion plead the transfer of possession to the purchaser only by way of conclusion and must be disregarded. He further contends that his verified reply, in which he denied transfer of possession from the defendant, which reply was incorporated by reference in his answer to the motion for summary judgment, set up a material issue of fact.

It must be noted first that plaintiff failed to fully abstract his reply. Reference to the record discloses, however, that the reply alleges lack of knowledge on the part of plaintiff as to the contract of sale or the delivery of the deed in escrow and other matters relating to the contract, but denies the same for the purpose of pleading and denies generally the transfer of possession and denies the buyer had or remained in possession until July 12, 1957. In substance, the verified reply is a general denial of the allegations of sale and transfer of possession, or nonpossession of the land by the defendant.

Plaintiff contends that under the present act (Section 57, Ch. 110, Smith Hurd Ill. Rev. St. 1957) the court must consider the pleadings, as well as the affidavits in ruling on the motion. The act provides:

". . . (3) Procedure . . . The judgment . . . shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law . . ."

The act further provides that the opposite party "may" file counteraffidavits.

■■ ■■ The propriety of awarding summary judgment depends upon whether or not a *bona fide* issue

of fact exists between the parties to the action. If, upon examination of the pleadings and affidavits, it can be fairly said that a material dispute exists as to the facts, a motion for summary judgment should be denied. On the other hand, where the pleadings and affidavits show there is no bona fide triable issue of fact, a summary judgment should be granted. People ex rel. Sharp v. City of Chicago, 13 Ill.2d 157, 148 N.E.2d 481.

■ Plaintiff's reply, on which he places full reliance, is simply a general denial of the allegations of the answer. All that it does is to join issue on the allegations of the special defense. Nowhere does plaintiff allege affirmatively any facts which would indicate that he can controvert the matters set up both in the special defense or the affidavits in support of the motion for summary judgment. The affidavits filed by defendant thus stand uncontroverted. The general denial of the reply is not, in our opinion, sufficient to overcome the showing thus made. If pleading allegations thus made, are sufficient to raise a genuine issue as against uncontradicted evidentiary matter, the summary judgment procedure becomes substantially without utility.

Plaintiff's counsel contends that the allegations of the special defense and affidavits as to possession and control of the lot are mere conclusions. We have heretofore set out in some detail these allegations. Plaintiff's counsel does not suggest in what particulars these allegations could be taken out of the claimed realm of being conclusions.

It is the conclusion of this court, therefore, that the motion and affidavits show, not only that the buyer had the right to possession, but that he did in fact have possession of the premises at the time plaintiff was injured. Had defendant, under the facts shown, assumed possession, it would have been in breach of

her agreement to sell and convey. Plaintiff's reply indicates he could not dispute the matters set out above. If he could, it was his duty to show by affidavit, or in his reply, what affirmative facts were available to sustain a finding that defendant had possession. A mere denial is not sufficient to raise a genuine issue as against uncontroverted evidentiary matter.

For the reason stated herein, the judgment of the Circuit Court of Champaign County is affirmed.

Affirmed.

REYNOLDS, P. J. and CARROLL, J., concur.