Walter J. Lynwood, Plaintiff-Appellant, v. Decatur Park District, a Municipal Corporation, Defendant-Appellee.

Gen. No. 10,291.

Third District.

June 9, 1960.

Rehearing denied and opinion modified August 1, 1960.

Garman and Owen, of Decatur, and Gabriel S. Berrafato, of Chicago, for appellant.

LeForgee, Samuels, Miller, Schroeder, and Jackson, of Decatur, Kirkland, Ellis, Hodson, Chaffetz, and Masters, of Chicago (Jerald E. Jackson, of Decatur, and Thomas R. Ewald, of Chicago, of counsel) for appellee.

ROETH, JUSTICE.

On June 17, 1959, plaintiff filed a complaint in the Circuit Court of Macon County against the Decatur Park District, defendant, seeking to recover judgment against the defendant for its alleged negligence on January 22, 1959, causing the destruction and loss of use of an airplane. The complaint specifically alleged that defendant carried a public liability insurance policy in the amount of $500,000. It is apparent from this allegation when considered in the light of the damages alleged and the ad damnum paragraph of the complaint, that the amount of the liability insurance carried by defendant is more than sufficient to pay any judgment that may be rendered against defendant. On July 14, 1959, defendant filed a motion to strike and dismiss each count of the complaint and certain designated paragraphs of each count. The grounds assigned in said motion to strike and dismiss each count of the complaint as a whole, were:

"1. That this count fails to state a cause of action upon which relief can be granted against this defendant" and

"2. That the defendant is a municipal corporation and is therefore immune to the purported cause of action."

The motion came on for hearing on August 17, 1959, at which time the trial court struck the specific paragraph of the complaint claiming damages for loss of use of the airplane, and took under advisement the motion to strike and dismiss the complaint as a whole. The record indicates that the motion above was taken under advisement for the purpose of affording counsel an opportunity to furnish briefs and that briefs were furnished. The record discloses that counsel for defendant submitted a copy of Article 12.1 as added to the Park District Code by an act of the legislature approved on July 9, 1959. (Ill. Rev. Stat. Chap. 105, Sec. 12.1.) Thereafter, on October 21, 1959, the trial court sustained defendant's motion to strike the complaint and entered judgment in bar of plaintiff's suit. Plaintiff filed notice of appeal to the Supreme Court and on November 16, 1959, filed the authenticated record in that court. Plaintiff then undertook to advance the cause for hearing before the Supreme Court pursuant to Rule 41 of the Supreme Court. Defendant resisted the motion on the ground that the Supreme Court did not have jurisdiction of the case on appeal. Upon consideration of the matter the Supreme Court apparently concluded that no constitutional question was involved and thereupon transferred the cause to this court.

Plaintiff contends:

1. The doctrine of governmental immunity has been abolished by the decision in Molitor v. Kaneland Community Unit District, as to all municipal or quasi municipal corporations.

2. The operation of an airport by a park district is a proprietary function and that independent of the

Molitor case the park district is liable for negligence in the performance of proprietary functions.

3. Regardless of whether the maintenance of an airport is proprietary or governmental, the park district is liable where, as here, it carries public liability insurance.

Defendant contends:

1. Sec. 12.1 of the Park District Code adopted in 1959 makes the park district immune irrespective of whether the function is governmental or proprietary or whether there is public liability insurance coverage.

2. The operation of an airport is governmental.

3. Park districts have always been immune as to governmental functions.

4. Insurance does not affect the immunity of park districts, because of the statutory provisions.

The reply brief of plaintiff is given over almost exclusively to points and authorities and argument on constitutional questions.

We find it necessary at the outset to refer to the case of Molitor v. Kaneland Community Unit District No. 302, 18 Ill.2d 11. Certain broad principles are announced in the Molitor decision which are important. They are:

(1) The doctrine of governmental immunity generally, is a court-created doctrine.

(2) The attempt of the courts to classify functions of municipal corporations into "proprietary" or "governmental" and to fix liability accordingly, has produced incongruities in the law.

(3) The doctrine of governmental immunity found its way into Illinois on the basic premise that "the King can do no wrong" which premise can no longer be justified.

434

(4) Generally, liability follows negligence and the doctrine of governmental immunity runs directly counter to this basic concept.

While the holding of the Molitor case was confined to school districts, it is clear that the foregoing principles would apply to other municipal corporations as well. It was so considered in Peters v. Bellinger, 19 Ill.2d 367, 166 N.E.2d 581 (cities); List v. O'Connor, 19 Ill.2d 337, 167 N.E.2d 188 (park districts); and in Miller v. City of Chicago, 25 Ill.App.2d 56, 165 N.E.2d 724 (park districts). However, since the decision in the Molitor case is to be applied prospectively only as of December 16, 1959, it can have no application to the instant case, since the cause of action arose prior to the above date. We are therefore required to determine the status of the law prior to the Molitor case and then to determine what if any effect the statutory enactment of 1959 had upon the then existing situation.

Prior to the decision in the Molitor case it was the long established general rule in Illinois that park districts were immune from tort liability. LePitre v. Chicago Park District, 374 Ill. 184, 29 N.E.2d 81; Wiles v. Association of Commerce of Decatur, 332 Ill. App. 375, 75 N.E.2d 526; Love v. Glencoe Park District, 270 Ill. App. 117; Hendricks v. Urbana Park District, 265 Ill. App. 102, and see Leviton v. Board of Education of Chicago, 374 Ill. 594, 30 N.E.2d 497 (stating the rule as to quasi municipal corporations generally). These cases would dispose of the case at bar were it not for the fact that here the complaint alleges that defendant is adequately covered by liability insurance. We next consider the effect of this allegation on the question involved.

■ ■ As noted in the Molitor case, traditionally, charitable and educational institutions have enjoyed

435

the same immunity from tort liability as have governmental agencies. The basic underlying premise has been common to both, i. e., it is sound public policy to protect public or trust funds and to prevent diversion of such funds to the payment of damage claims. The effect of the governmental agency or educational or charitable institution carrying a policy of liability insurance has been considered in several cases. In Moore v. Moyle, 405 Ill. 555, 92 N.E.2d 81, involving a charitable educational institution it was held that the presence of a public liability insurance policy removed the immunity to the extent of the amount of insurance. The same result was reached in Wendt v. Servite Fathers, 332 Ill. App. 618, 76 N.E.2d 342, a case involving a charitable religious institution. It is interesting to note that in the latter case there is language in the opinion from which it could be reasonably argued that the purchase of liability insurance constitutes a waiver of immunity. In Thomas v. Broadlands Community Consol. School Dist. 201, 348 Ill. App. 567, 109 N.E.2d 636, this court had occasion to consider the question with relation to a governmental agency, namely a school district. After a full consideration of the rule as applied to charitable corporations, we concluded, in broad language, that immunity from tort liability of a quasi municipal corporation is required or justified by the need for protection of public funds, and when liability insurance is available to so protect the public funds, the reason for the rule of immunity vanishes to the extent of the available insurance. It is true that this case involved only a school district. A park district might conclude that, since only a school district was involved in that case, the law as therein established could have no application to a park district. A careful reading of the opinion, however, reveals the obvious error of such a conclusion. The opinion leaves no doubt that it was meant to ap-

ply to all such corporations. Reference to the Molitor case and List v. O'Connor, supra, is again in order. The Molitor case involved only a school district. Yet in List v. O'Connor, supra, where the contention was made that since only a school district was involved, the decision did not settle the question as to park districts, the Supreme Court observed:

> *"It seems clear* under the Molitor case that . . . the decision of that case relating to a school district would, *obviously,* have equal application to park districts. (Emphasis supplied.)"

Likewise as to the Thomas v. Broadlands Community Consol. School Dist. 201 case, supra, it is clear that the decision would have equal application to park districts. We therefore hold that at the time the suit at bar was commenced the immunity doctrine was not available to the defendant park district as a defense.

■ After commencement of this action the legislature added Section 12.1 to the Park District Code (Ill. Rev. Stats., 1959, Ch. 105, Sec. 12.1–1). This section provides:

> "Any park district shall not be liable for any injuries to person or property, or for the death of any person heretofore or hereafter caused by or resulting from the negligence of its agents, servants, officers or employees in the operation or maintenance of any property, equipment or facility under the jurisdiction, control or custody of the park district, or otherwise occasioned by the acts or conduct of such agents, servants, officers or employees. Added by act approved July 9, 1959."

At the time the legislature added this section park districts were faced with the impact of the Molitor decision which struck down the doctrine of immunity for the future. This statute should be considered in

437

the light of its general purpose. In List v. O'Connor, supra, the Supreme Court stated that general purpose to be the *"reinstating"* of governmental immunity as it existed prior to the Molitor case. To the same effect is Miller v. City of Chicago, supra. If under the decisions of Moore v. Moyle, Wendt v. Servite Fathers and Thomas v. Broadlands Community Consol. School Dist., 201, supra, as heretofore analyzed, the general doctrine of immunity had no application in any event so far as defendant park district was concerned when this suit was commenced under the particular facts set out in the complaint the statute in question does not change this situation when it is considered that the statute merely reinstated the general doctrine of immunity as it existed prior to the Molitor case. In the final analysis such a holding does not deplete public funds of the defendant park district. It merely enables a damaged third person to secure the benefit of the insurance which has voluntarily been purchased, paid for and carried by the defendant.

Accordingly the judgment of the Circuit Court of Macon County is reversed and the cause is remanded with directions to overrule defendant's motion to strike and dismiss the complaint and require the defendant to answer.

Reversed and remanded.

CARROLL, P. J. and REYNOLDS, J., concur.