JOHN C. MAISENBACH, a minor, by his mother and next friend, SHIRLEY C. MAISENBACH, Plaintiff-Appellant, *v.* MR. AND MRS. LOUIS BUCKNER, Individually, Defendants-Appellees.—(SARA MEYER *et al.*, Defendants.)

(No. 54456;

First District—May 5, 1971.

Ruttenberg & Ruttenberg, of Chicago, for appellant.

McKenna, Storer, Rowe, White and Haskell, of Chicago, for appellees.

Mr. JUSTICE BURMAN delivered the opinion of the court:

Plaintiff, a minor, instituted this action to recover damages for injuries sustained when he tripped over a spring chain fence which surrounded the parkway area between the sidewalk and the street in front of 7400-12 South Chappel Avenue in Chicago. The named defendants were the City of Chicago as the owner of the public premises, nine individuals as beneficial owners of the abutting property, Hallgren and Meyers as managers of the adjacent property, and Mr. and Mrs. Louis Buckner as the former owners of the abutting property who, prior to the injury, had maintained the fence. The Court granted a summary judgment in favor of the Buckners and expressly found that there was no just reason for delaying enforcement or appeal. Plaintiff appeals from the entry of the summary judgment. The balance of the case is still pending in the Circuit Court.

The facts involved in this appeal are uncontroverted. The Buckners purchased the property located at 7400-12 South Chappel Avenue in Chicago in 1951. At that time, the parkway area in front of his property

was surrounded by a spring chain fence. The Buckners actively maintained and repaired this fence until April 1, 1965, when they sold and vacated the property abutting the parkway. On March 22, 1966, the plaintiff, John Maisenbach, was injured when he fell over the fence.

Plaintiff in his complaint alleges that the fence surrounding the parkway constitutes a public nuisance. He seeks to impose liability for his injuries on the Buckners because they maintained the fence, i.e. the public nuisance, for fourteen years from 1951 to 1965, even though the Buckners did not construct the fence and did not possess, control, or own either the parkway or the property abutting the parkway at the time of his injury.

The plaintiff first sets forth in his brief the principle that a person who creates a nuisance on a public way which abuts his property is liable to individuals who are injured as a result of the nuisance even though at the time of injury the creator does not own, possess, or control the property abutting the public way. He, second, sets forth the principle that a person who maintains a nuisance on a public way is liable to individuals who are injured as a result of the nuisance while the maintainer owns, possesses, or controls the property abutting the public way. He then combines these principles and concludes that a person who maintains a nuisance on a public way which abuts his property is liable to individuals who are injured as a result of the nuisance even though at the time of injury, the maintainer of the nuisance no longer owns, possesses or controls the property abutting the public way. The cases cited by the plaintiff do not support completely the principles set forth and consequently do not compel the conclusion urged by him.

The plaintiff cites *Stephani v. Brown*, 40 Ill. 428, and *City of Peoria v. Simpson*, 110 Ill. 294. In *Stephani*, the defendant without authority elevated the sidewalk abutting his property, excavated beneath the sidewalk, and then covered the excavation with a grate. Subsequently, he leased the property. After a tenant took possession, the plaintiff fell through the grate and was injured. The defendant argued that he was not liable because he was not in possession of the premises at the time of the injury. The Supreme Court rejected this argument and held that an owner who creates a nuisance and then leases the property with the nuisance attached is liable to third parties who are injured even though the owner does not have possession and control at the time of injury. In *City of Peoria*, the Supreme Court when faced with a similar contention set out the general rule that when an owner leases premises with a nuisance upon them, the owner is responsible for injuries that might be occasioned by the nuisance.

Both of these cases involved the liability of a landlord who was out

of possession to a third person who was injured as a result of a nuisance which had existed at the time the owner leased the premises. The defendants in both were continuing the nuisance at the time the injury occurred. The Court in *Stephani* stated specifically that the lease of the premises was a continuation of the nuisance and that the rent was the consideration for the continuance. These cases set forth the special rules applicable to a landlord who surrenders possession pursuant to a lease. They do not set forth the rules applicable to a vendor who surrenders title, possession, and control pursuant to a deed. The Buckners, unlike the defendant in *Stephani* and *City of Peoria* had absolutely no interest in the property abutting the parkway at the time the plaintiff was injured.

██ The plaintiff argues that it is inconsistent to hold the creator of a nuisance liable for injuries caused after he had divested himself of ownership, possession and control of the property involved without holding that the maintainer of nuisance is liable for injuries caused after he had divested himself of ownership, possession, and control because under Illinois law every continuance of a nuisance is, in fact, a new nuisance. The plaintiff directs our attention to a number of cases which included language to the effect that "the continuance of that which was originally a nuisance, is regarded as a new nuisance." (*McConnel v. Kibbe,* 29 Ill. 483 at 485.) Plaintiff also cites *O. & M. Ry. Co. v. Thillman,* 143 Ill. 127, 32 N.E. 529, *Groff v. Ankenbrandt,* 124 Ill. 51, 15 N.E. 40 and *C.C.C. and St. L. Ry. Co. v. Nuttal,* 59 Ill.App. 639 to the same effect. All of the cases cited deal with issues which are fundamentally different from the one presented in this case. *McConnel v. Kibbe* considered the operation of the statute of limitations upon an action to recover for damages resulting from the removal of a supporting wall and held that the action was barred on the facts of the case. The three other cases involved damages to property caused by the obstruction of watercourses, and are inapplicable on their facts. It should be noted that plaintiff has referred us to no cases in which the maintainer of a nuisance was held liable for damages caused after he had completely divested himself from any connection with the property involved. In each case cited, the person sought to be held liable owned or controlled the property on which the nuisance was attached or located at the time the injury occurred.

The plaintiff finally relies on the following language in *Cook v. City of DuQuoin,* 256 Ill.App. 452 at 456, in support of his contention that the creator and maintainer of a nuisance are equally liable for injuries caused after they cease to own, possess and control property:

"Where the acts of several persons, although separate and distinct

as to time and place, culminate in producing a public nuisance, which injuries the person or property of another, they are jointly and severally liable."

In *Cook*, a property owner (1) sought to have the City of Du Quoin enjoined from emptying sewage into a natural watercourse which flowed through his property, and (2) sought to recover damages resulting from the pollution of the watercourse. The City did not attempt to prove that it was not emptying sewage into the watercourse or that the watercourse was not polluted. It only offered evidence that other sources may have contributed to the pollution of the creek. The Appellate Court held that even though wrongful acts other than that of the City may have been responsible for the collection of sewage, the City was liable if it in fact contributed to the nuisance and participated in the pollution of the water to the injury of the property owner. The plaintiff has taken the language quoted above out of its context, and we do not believe that it is applicable to the situation before us. In *Cook* the City along with others actively contributed to the nuisance at the times the property owner sustained his special damages. Here the Buckners severed all connection with the premises almost a year before the plaintiff was injured.

■■ As a general rule, in Illinois, the liability of a landowner for injuries occurring in connection with the property ends with the cessation of ownership, possession, and control of the property. (*Kordig v. Groverdale Oleander Homes, Inc.,* 18 Ill.App.2d 48, 151 N.E.2d 470; *Porter v. Miller,* 24 Ill.App.2d 424, 164 N.E.2d 601.) We are not persuaded by the arguments presented or the cases cited that a property owner is liable for injuries which are sustained after he has severed all relationship with the property connected with an alleged nuisance. We agree with Appellee that the free and unhindered alienation of real property—long the public policy of Illinois—would be seriously and adversely affected if property owners were to become liable for personal injuries which occurred long after they sold their interest to another party. Where a landowner clearly has no right to control the property after he sells it to another, he likewise can have no duty to third persons injured in connection with the property after the sale.

For the reasons given, the granting of the summary judgment to defendants, Mr. and Mrs. Louis Buckner, is affirmed.

Judgment affirmed.

ADESKO, P. J., and DIERINGER, J., concur.