## Mattoon Heat, Light & Power Company et al. v. Richard Walker.

1. REPLEVIN—*when value of property need be stated in affidavit for.* It is only when the jurisdiction of the court depends upon the value of the property involved that such value need be stated in the affidavit.

2. REPLEVIN—*when proof of value of property involved in, not material.* It is not competent to show by evidence the value of the property involved in an action of replevin merely to lay the foundation for an appeal to the Supreme rather than to the Appellate Court.

3. INSTRUCTION—*upon interest of plaintiff; when refusal not prejudicial error.* It is not prejudicial error to refuse a correct instruction which tells the jury that they have the right in weighing the evidence of a party to take into consideration the fact that he is a party in interest in the result of the suit, where another instruction was given which told the jury that in determining how far each witness is entitled to credit, they might take into consideration his relationship to the parties in the suit.

Replevin. Appeal from the City Court of Mattoon; the Hon. LAPSLEY C. HENLEY, Judge, presiding. Heard in this court at the November term, 1905. Affirmed. Opinion filed June 1, 1907.

ANDREWS & VAUSE, for appellants.

EDWARD C. & JAMES W. CRAIG, JR., and CRAIG & KINZEL, for appellee.

MR. PRESIDING JUSTICE RAMSAY delivered the opinion of the court.

Richard Walker, the appellee, brought suit in replevin against appellants to recover the possession of one iron tank and some copper coils in the tank, upon the trial of which cause a jury returned a verdict in favor of appellee. Judgment was rendered upon the verdict and appellants have prosecuted this appeal.

It appears from the evidence that the Mattoon Heat, Light & Power Company had upon, or near, its grounds, which it had formerly used in the transaction

of its business, an iron tank in which were four coils of copper pipe, which tank and coils had been used together, as they then stood, as a heating appliance, and that one Horace W. Tolle, acting as agent for said heat and power company, had authority and direction to sell the same; that a sale was made by Tolle to appellee at the agreed price of $50 and payment of that sum made, whereupon Walker assumed possession of the tank and coils and was about to remove the coils when he was prevented therefrom by the agent, Tolle, and he, appellee, thereupon sued out his writ of replevin to recover possession of the tank and coils.

The only question in the case is whether or not the sale, as made by Tolle to Walker, was a sale of the tank and contents, or a sale of the tank alone, and the evidence upon this subject is within a narrow compass.

Appellee testified that he said to Tolle, when he examined the tank, that he would give him $50 for the "whole concern as it stood," in which he is corroborated by Mr. Richard McKenzie, who heard the conversation between Walker and Tolle. Eaglin testified that he was present at the tank after the sale, when he heard a conversation between Hall and Tolle, when in response to a question by Hall to Tolle asking if he had reserved the copper, Tolle answered: "No, I never thought a thing about it."

Tolle denies that he sold the copper coils or "the concern just as it stood," but does not deny the conversation with Hall to the effect that he forgot to reserve the copper coils, which would seem to be an admission upon his part that a reservation was necessary.

Whether or not the coils were sold with the tank was purely a question of fact to be determined by the jury from what passed between the parties as shown by the evidence. The jury not only in their general verdict found such issue in Walker's favor,

but by a special finding returned with their general verdict found that: ''At the time the sale was made, Tolle, the agent of appellant, understood and agreed that the four coils of copper piping were a part of the property sold.''

The evidence fully and amply sustains the finding of the jury upon this issue.

It was not error on the part of the court to refuse to allow appellants to prove a conversation between John Hall and Tolle on the next morning after the sale was made, to show that a proposition was made to Hall to return the $50 that had been paid by Walker, as the good faith of Tolle was not involved in the transaction as contended by appellants.

The authority of Tolle to sell the tank is in no way assailed, and since he had authority to sell the tank, he had authority to sell it as it stood. That being true, the only question is, what did he sell, not what faith he employed in making the sale.

Appellants next contend that there was error in refusing to allow them to show the value of the property in controversy and argue that proof of such value was important in determining the right of appeal from this, to the Supreme Court; that if appellants had been permitted to prove the real value of the property it would have been shown to have been worth more than $1,000; that appellee's affidavit as to the value of the property was not conclusive and that proof of value by appellants was proper because at *some subsequent time* that question might become of vital importance to appellants.

The statement of value in appellee's affidavit was the statement of a matter wholly immaterial so far as the trial of the case upon its merits was concerned. In replevin, it is only when the jurisdiction of the court depends upon the value of the property involved that such value need be stated in the affidavit. Rice v. Travis, 216 Ill. 249-256; People v. Core, 85 Ill. 248.

The property described in the affidavit and writ of replevin was taken by an officer and delivered to appel-

lee. Thereupon the title to the property, or right to its possession, and not its value, became the issue. The value of the property could become important only in the event that appellants recovered a judgment for its return, when an assessment of its value might be proper as an incident to the trial but not as a part of it. Colby on Replevin, 2nd ed., sec. 1134.

Appellants asked their witness, Tolle, what was the fair cash market value of the copper coils; to which an objection was made upon the ground that it was a matter not material to the trial. That objection was sustained and appellants excepted thereto without in any way advising the trial court that such evidence was offered for the purpose for which it is now alleged to be competent. Appellants made no other offer to prove the value of the property in any way and did not then claim that the evidence was offered upon any ground other than that it was material to the trial then in progress.

Appellants must, therefore, be held to have offered such testimony upon that ground alone and cannot be allowed to now state in this court for the first time that the offer was made to overcome at some subsequent time the effect of appellee's affidavit as to value. The ruling of the court in this respect was free from error.

Appellants' fourteenth instruction offered, which stated that the jury have a right in weighing the evidence of a party to take into consideration the fact that he is a party and interested in the result of the suit, announced a correct rule of law and should have been given, but we do not think the error in refusing it was so prejudicial as to warrant a reversal, since appellee's sixth instruction given told the jury that in determining how far each witness is entitled to credit, they might take into consideration his relationship to the parties to the suit.

There is no prejudicial error in this record and the judgment is affirmed.

*Affirmed.*