(No. 32312.—

ILLINOIS BELL TELEPHONE COMPANY, Appellant, *vs.* THE BOARD OF REVIEW OF THE DEPARTMENT OF LABOR *et al.*, Appellees.

*Opinion filed September 17, 1952.*

SIDLEY, AUSTIN, BURGESS & SMITH, of Chicago, (KEN-NETH F. BURGESS, GORDON W. WINKS, and ARTHUR R. SEDER, JR., of counsel,) for appellant.

IVAN A. ELLIOTT, Attorney General, of Springfield, (WILLIAM C. WINES, RAYMOND S. SARNOW, and A. ZOLA GROVES, all of Chicago, of counsel,) for appellees.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

A decision of the Board of Review of the Department of Labor approved an award of unemployment compensation to Mrs. Mabel H. Annell as an employee of the Illinois Bell Telephone Company. This decision was affirmed by a judgment of the superior court of Cook County entered in an action brought by the telephone company under the Administrative Review Act. The company appeals.

Mrs. Annell, the claimant, was employed by the telephone company as a switchboard operator for seven years, first at Elgin, and later at Dundee. While she was employed at Dundee her husband attended school in Chicago and commuted to his home in Dundee on week ends. When he completed his education he went to Washington, D.C., where he obtained employment and established his home. In order to reside with her husband in Washington, claimant sought and was granted a leave of absence from December 8, 1949, to March 7, 1950. The purpose of the leave was to protect claimant's continuous service record and seniority.

Claimant filed a claim for unemployment compensation in Washington, D. C., on February 3, 1950. Thereafter, she filed claims for benefits for the week ending February 4, 1950, and for each subsequent two-week period through April 15, 1950. During the eleven weeks for which she claimed and was awarded unemployment compensation, claimant sought work from several employers in Washington and answered newspaper advertisements there. She obtained employment sometime shortly after April 15, 1950.

The controlling issue is whether the claimant is ineligible for benefits under section 6(c)(5)(B) of the Illinois Unemployment Compensation Act, as amended in 1949. (Ill. Rev. Stat. 1949, chap. 48, par. 222.) Section 6 of the Unemployment Compensation Act states the conditions upon which an employee is eligible for benefits. Among other things, it is required that the employee be available for work and actively seeking work. The amendments to this section adopted in 1949 define certain circumstances under which an employee is to be considered unavailable for work. Those who, while unemployed, move to a locality where work opportunities are substantially less favorable; women who voluntarily quit because of pregnancy; those who voluntarily quit to marry but do not become the sole support of themselves and their families, and those who voluntarily quit because of "marital, filial or other domestic circumstances" are by the amendments declared to be unavailable and hence ineligible for benefits.

The language of that part of section 6 which is directly involved is as follows: "An unemployed individual shall be eligible to receive benefits with respect to any week only if the Director finds that * * * (c) He is able to work, and is available for work; provided that during the period in question he was actively seeking work. * * * (5) An individual shall be deemed unavailable for work * * * (B) if he has left work voluntarily because of marital,

filial, or other domestic circumstances, except that this provision shall not apply whenever such circumstances have ceased to exist."

The Board of Review based its decision in part upon the ground that the various situations dealt with in section 6(c) are mutually exclusive. It considered that because claimant moved to another locality her case was governed by the provision relating to change of location of residence, and the provision relating to "marital circumstances" had no application. And since the location to which the claimant moved was not one in which work opportunities were substantially less favorable, the Board held that the claimant was eligible for benefits. This ground is clearly erroneous, and it is correctly conceded in the defendants' brief that the existence of any one of the grounds of unavailability specified by the statute precludes eligibility for benefits. The decision of the Board of Review was also based upon a distinction which the Board drew between what it characterized as the "actual event" and the "motive" underlying the event. The actual event was regarded as the move to Washington, and the motive as the claimant's desire to be with her husband. Holding that the actual event could not be subordinated to its motive, the Board concluded that no marital circumstance was involved. This ground, too, is abandoned in this court. Defendants say: "We agree with appellant that full effect should be given to the causative factor or reason for the individual's unemployment, and that if a single girl leaves employment *in order to marry,* or another individual leaves employment *because* of pregnancy, such individual should be held to be unavailable whether or not she moves to another locality."

To sustain the judgment it is now argued that the claimant left her employment because her new residence was at too great a distance to permit her to remain in the telephone company's employ, rather than because of marital circumstances. But the record does not support this sug-

gestion. The finding of the referee was, "She left on December 7, 1949, to accompany her husband to Washington, D. C., where he had secured employment and established his home." And the Board of Review found that, "Her removal [to Washington] was motivated by her desire to be with her husband * * *." Giving the words of the statute a natural and undistorted meaning it is clear that where, as here, a wife leaves her employment to be with her husband, she leaves because of "marital circumstances."

The same conclusion has been reached under unemployment compensation statutes which make ineligible those who voluntarily leave their employment because of "marital obligations." In *Farloo* v. *Champion Spark Plug Co.* 145 Ohio, 263, 61 N.E. 2d 313, a wife resigned her position to be with her husband in another State where he was stationed as a member of the armed forces of the United States. The court said: "when a wife definitely quits her work to live with her husband in another part of the country, it is pursuant to her marital obligation. * * * In our view, a contrary construction and application would be tantamount to legislative action, which is the province of the legislative and not the judicial branch of the government." See, also, *Walton* v. *Wilhelm,* 120 Ind. App. 218, 91 N.E. 2d 373. The phrase "marital circumstances" in our statute is broader and more comprehensive than the corresponding expression "marital obligations," in the Indiana and Ohio statutes.

It is sought, however, to minimize the force of these decisions by emphasizing the fact that the pertinent provisions of the Ohio and Indiana statutes (Page's Ohio Gen. Code Anno., sec. 1345-6(c)(10); Burns Ind. Stat., sec. 52-1539f,) are disqualifications which provide for conclusive ineligibility, whereas, it is argued, our provision is designed only to test the individual's availability for work under specified circumstances by establishing a rebuttable presumption. Defendants contend that it is because of this

distinction that the Illinois provision appears in section 6(c), which deals with eligibility and availability, instead of section 7, which deals with ineligibility and disqualifications. This contention is not sound. Apart from the fact that the words "shall be deemed" normally suggest a conclusive presumption, (see *Douglas* v. *Edwards,* 298 Fed. 229, 237,) the intention to create a conclusive presumption is clearly shown by a consideration of the language of section 6(c)(4). That section provides: "A woman shall be *presumed* to be unable to work and unavailable for work if she has left her most recent work voluntarily because of pregnancy, provided, in any event, that a woman *shall be deemed* to be unable to work and unavailable for work" for specified periods before and after childbirth. (Emphasis supplied.) This provision unmistakably shows that the General Assembly was aware of the legal and practical differences between a rebuttable presumption and a conclusive rule of law, and chose its words accordingly.

Defendants next urge that if the provision is construed to establish a conclusive presumption of unavailability, it violates the due-process clauses of the Federal and Illinois constitutions. We do not agree. We are not here dealing with an evidentiary presumption by which the existence of one fact is inferred from proof of another. Where such a presumption is employed, of course due process requires a logical relationship between the fact inferred and the fact proved. What is here involved, however, is a rule of substantive law laid down by the legislature. (See Wigmore on Evidence, sec. 1353.) The only factual question is whether the employee voluntarily left her employment for reasons related to her marital status. If that question is answered in the affirmative, unavailability follows as a matter of law under the statute. The only constitutional questions which can arise relate to the power of the legislature to define "availability," and to the propriety of the definition which it has adopted. The power of the legisla-

ture to define the terms it uses is not here challenged. (cf. *Concrete Materials Corp.* v. *Gordon,* 395 Ill. 203.) It is argued, however, that the definition adopted by the General Assembly offends the equal-protection clause of the fourteenth amendment to the constitution of the United States, and is invalid as special legislation under section 22 of article IV of the constitution of Illinois. The argument is that an unreasonable, and hence invalid, distinction is drawn "between a person with no family responsibilities, who leaves the locality and a married individual who moved with his spouse to another locality." It is said that as to the former, availability for work may be established as a matter of fact; as to the latter, it may not. The constitutional criterion to be satisfied is whether the classification of individuals or groups bears a reasonable relation to the purposes of the statute. A statutory classification resting upon substantial differences in kind, situation or circumstance which are reasonably related to the legislative purpose does not offend constitutional prohibitions against special legislation or violate the equal-protection clause. (*Hansen* v. *Raleigh,* 391 Ill. 536; *Michigan Millers Mutual Fire Ins. Co.* v. *McDonough,* 358 Ill. 575; *Triner Corp.* v. *McNeil,* 363 Ill. 559.) Considering the purpose of the statute,—the relief of economic distress caused by involuntary unemployment,—a classification based upon the motive which causes one to leave work voluntarily is not unreasonable. Section 6(c)(5)(B) is not vulnerable to the constitutional attack leveled against it.

Our construction of section 6(c)(5)(B) renders unnecessary a consideration of the contention that the claimant was not "actively seeking work" during the period in question and was for that reason disqualified from receiving benefits.

The judgment of the superior court of Cook County is reversed and the allowance of benefits by the Board of Review is set aside.

*Judgment reversed.*