(No. 41457.— )
JAMES D. EDELEN *et al.*, Appellants, *vs.* GARY W. HOGSETT *et al.*—(State of Illinois, Appellee.)

*Opinion filed Nov. 26, 1969.—Rehearing denied Jan. 28, 1970.*

JOHN D. HAYES, of Chicago, and PETER J. COLLINS, of Waukegan, for appellants.

WILLIAM J. SCOTT, Attorney General, of Springfield, (FRANCIS T. CROWE and M. BROOKS BYUS, Assistant Attorneys General, of counsel,) for appellee.

Mr. JUSTICE CULBERTSON delivered the opinion of the court:

Appellants, plaintiffs below, filed an action in the circuit court of Lake County seeking damages for personal injuries alleged to have been sustained by them as a result of a one-car automobile accident occurring on April 6, 1966, at the intersection of State Aid Highway No. 42, commonly known as Sheridan Road, and Broadway Avenue, in the City of North Chicago, Illinois, when the automobile in which they were riding apparently went out of control and struck a concrete abutment. Joined as defendants were the driver of the car, the City of North Chicago, a municipal corporation, and the State of Illinois. On motion of the State filed by the Attorney General, the action was dismissed with prejudice as to the State on the ground that same was precluded by section 26 of article IV of the Illinois constitution. The trial court having entered an order finding that there was no just reason for delaying enforcement or appeal of its order of dismissal (see our Rule 304), and constitutional questions being presented, plaintiffs have appealed directly to this court, contending that section 26 of article IV of the Illinois constitution, which precludes the filing of actions against the State, deprives them of equal protection of the law and due process of law in violation of the fourteenth amendment of the constitution of the United States.

The allegations of the complaint, insofar as they are pertinent here, charged the State with having negligently maintained and controlled the highway in question, and specifically as having allowed a concrete abutment to re-

main beside the roadway when it knew, or in the exercise of ordinary care should have known, that such abutment constituted a traffic hazard to persons driving along and upon the highway in question.

Section 26 of article IV of the Illinois constitution provides: "The State of Illinois shall never be made defendant in any court of law or equity." While this language of the constitution, if construed literally, would absolutely prevent a suit against the State, this court has previously at least intimated that the State could be joined as a defendant in a lawsuit, provided it had expressed its consent thereto by affirmative action of the General Assembly. *Monroe* v. *Collins,* 393 Ill. 553; *Galpin* v. *City of Chicago,* 249 Ill. 554; *People* v. *Sanitary District of Chicago,* 210 Ill. 171; *In re Petition of City of Mt. Vernon,* 147 Ill. 359; see also 15 DePaul Law Review 340, 342-43 (Autumn-Winter 1965).

With regard to, *inter alia,* tort claims, such as that sought to be brought here, the General Assembly has expressly consented to the processing and adjudication of claims against the State by the enactment of the Court of Claims Act. (Ill. Rev. Stat. 1965, ch. 37, pars. 439.1-439.24). That Act, insofar as its provisions are relevant here, reads as follows:

"§ 1. The Court of Claims, hereinafter called the court, is created. It shall consist of three judges, to be appointed by the Governor by and with the advice and consent of the Senate, one of whom shall be appointed chief justice.

\* \* \*

"§ 8. The court shall have jurisdiction to hear and determine the following matters:

\* \* \*

"D. All claims against the State for damages in cases sounding in tort, in respect of which claims the claimants would be entitled to redress against the State of Illinois, at law or in chancery, if the State were suable

\* \* \* provided, that an award for damages in a case sounding in tort shall not exceed the sum of $25,000 to or for the benefit of any claimant. The defense that the State \* \* \* is not liable for the negligence of its officers, agents, and employees in the course of their employment shall not be applicable to the hearing and determination of such claims."

Other sections of the Act provide that final determination of the court against a claimant shall bar further claims in the court on his behalf arising out of the rejected claim (§ 17), and that within six months of the injury complained of, a claimant must file with the clerk of the court and the Attorney General pertinent data relating to the claim (§ 22—1) or be barred from further action (§ 22—2).

Appellants' argument is essentially that since this court, as a matter of judicial policy, has abolished under the common law the concept of immunity from suits sounding in tort against school districts and charitable entities (*Molitor* v. *Kaneland Community Unit District,* 18 Ill.2d 11; *Darling* v. *Charleston Community Memorial Hospital,* 33 Ill.2d 326), and has subsequently invalidated, as unconstitutional special legislation, statutes affecting the tort liability of various local governmental entities which created or caused classifications bearing no "discernible relationship to the realities of life" (*Harvey* v. *Clyde Park District,* 32 Ill.2d 60, 67; *Hutchings* v. *Kraject,* 34 Ill.2d 379; *Lorton* v. *Brown County Community Unit School Dist.,* 35 Ill.2d 362; *Treece* v. *Shawnee Community Unit School Dist.,* 39 Ill.2d 136), the State constitutional prohibition of suits against the State works upon appellants here a denial of the equal protection of the laws and a deprivation of due process of law under the fourteenth amendment to the Federal constitution. It is also urged that the State's legislative consent to the adjudication of tort claims against it embodied in the Court of Claims Act does not cure the alleged Federal unconstitutionality of the State constitutional prohibition.

Thus it is argued that since an injured party might properly sue a county in circuit court for such county's allegedly tortious conduct in maintaining its highways (see Ill. Rev. Stat. 1965, ch. 85, par. 3—102), another injured party similarly injured on a State highway must be given the right to sue the State in circuit court for its similar allegedly tortious conduct. Were it not for the existence of the Court of Claims Act, appellants' argument might be of some substance, but the existence of that legislation, modifying the State's immunity from suit, and the failure of the appellants to seek remedy thereunder in our judgment renders their constitutional argument inappropriate and not cognizable by this court in the posture in which it is here presented. Such being the case we, of course, express no opinion concerning the substantive merits of most of appellants' contentions.

As we have heretofore pointed out, appellants filed this action in the circuit court, and insofar as is disclosed by the allegations in the complaint, made no effort whatsoever to seek remedy against the State in the Court of Claims. Under such circumstances, it cannot be said that they are persons aggrieved by the prohibition of suits against the State embodied in the Illinois constitution as modified by the establishment of the Court of Claims. While the State does not expressly challenge the appellants' right to have the Federal constitutionality of section 26 of article IV of the Illinois constitution adjudicated herein, this court has consistently observed that "One of the most firmly established doctrines in the field of constitutional law is that a court will ordinarily inquire into the constitutionality of a statute only to the extent required by the case before it, and will not formulate a rule broader than that necessitated by the precise situation in question." (*Grasse* v. *Dealer's Transport Co.*, 412 Ill. 179, 201, *cert.* denied 344 U.S. 837, 97 L. Ed. 651, 73 S. Ct. 47.) Further, as pointed out in *People* v. *Diekmann*, 285 Ill. 97, 101, "This court will not discuss the

constitutionality of a provision of an act which does not affect the parties to the cause under consideration or where the party urging the invalidity of such provision is not in any way aggrieved by its operation." In *Diekmann*, this court refused to consider the constitutional validity of a legislative authorization granting a commission the power to issue permits for the removal of rough fish from preserves. It was observed that there was nothing in the record before the court "showing the appellant to have been aggrieved by said proviso, as he is charged in the information with having in his possession, for the purpose of taking fish in said fish preserve, a device illegal for such purpose. There is no evidence that he sought a permit for removal of rough fish or that the same was refused." (285 Ill. at 101.) And in *People ex rel. Department of Children and Family Services* v. *Illinois Protestant Children's Home*, 33 Ill.2d 60, *cert.* denied 384 U.S. 905, 16 L. Ed. 2d 358, 86 S. Ct. 1338, it was held that the constitutionality of the licensing provisions of the Child Care Act could not be attacked by a person who had not applied for the issuance of a license thereunder. Further, in *Gholson* v. *Engle*, 9 Ill.2d 454, this court refused to consider the validity of the examination provisions of an act governing the registration of funeral directors at the behest of a party who had not taken an examination thereunder. (See also *Li Petri* v. *Turner Const. Co.*, 36 Ill.2d 597.) Only where alleged unconstitutional features of an act are so pervasive as to, if successfully interposed, render the entire act invalid will this court consider the constitutional infirmity of legislation on the complaint of a person not directly affected by the statutory provision challenged. (*Huckaba* v. *Cox*, 14 Ill.2d 126; *Gholson.*) As is hereafter indicated, we do not believe that section 26 of article IV of the Illinois constitution, as modified by the Court of Claims Act, may possibly be wholly invalid on its face so as to come within the ambit of the *Huckaba* rule. Furthermore, we believe the foregoing prin-

ciples must perforce apply here, where Federal constitutional challenge is sought to be interposed not solely against legislation, but against a provision of the Illinois constitution.

Insofar as the General Assembly has merely provided a forum for the disposition of tort claims against the State other than the circuit court, the only constitutional question which we believe is properly before us in this case, we can see no substantive constitutional infirmity. By requiring suitors to file claims against the State in one centrally located court, the General Assembly obviously sought to provide for the expeditious centralized handling of the numerous claims against the State. And although there is thus effected a classification of claimants, we believe that same rests on a rational basis. Thus, because of the exclusiveness of the Court of Claims there is only one agency which reports allowed claims to the General Assembly for payment, and the Attorney General's staff representing the State in connection with such claims may be centrally employed. These and no doubt numerous other considerations have impelled the General Assembly, in modifying the State's immunity from suit, to establish the Court of Claims, and we cannot say that the classification of claimants thus resulting therefrom is in any way arbitrary, capricious, or unreasonable. The fourteenth amendment of the constitution of the United States does not prevent a State from adjusting its legislation to differences in situations and in that connection seeking justifiable classifications. (*People ex rel. Heydenreich* v. *Lyons*, 374 Ill. 557.) And where, as here, a statutory classification rests on substantial differences in kind, situation, or circumstance, it will not be deemed violative of the equal-protection clause of the fourteenth amendment. *Illinois Bell Telephone Co.* v. *Board of Review of Dept. of Labor*, 413 Ill. 37.

That the Court of Claims Act does not provide for trial by jury, that a $25,000 maximum recovery is allowed, that a notice of claim must be filed as a condition precedent to an

222

action, and that the determination of the Court of Claims is final present questions not ripe for determination in this cause, for, as we have seen, since appellants did not seek to employ the remedy afforded by the Court of Claims Act, they have not been aggrieved by its alleged unconstitutional discrimination, a matter upon which we express no opinion herein.

For the foregoing reasons, the judgment of the circuit court of Lake County is affirmed.

*Judgment affirmed.*