ASSOCIATES FINANCIAL SERVICES
COMPANY, INC., Appellant,

v.

Bernard SALKY, Respondent.

No. 35048.

Missouri Court of Appeals,
St. Louis District,
Division Two.

May 7, 1974.

**42**

Eugene V. Krell, St. Louis, for appellant.

Blumenfeld, Kalishman, Marx & Tureen, St. Louis, for respondent.

SMITH, Presiding Judge.

Plaintiff appeals from the action of the trial court in granting a summary judgment in favor of defendant.

Plaintiff, on September 9, 1970, filed a petition in replevin against defendant seeking to recover possession of a 1970 Cadillac. Pursuant to Sec. 533.020, RSMo 1969 (V.A.M.S.) the court issued an order of delivery directing the Sheriff to immediately take possession of the vehicle and deliver it to plaintiff. No hearing was had and no notice was given to defendant prior to the issuance of the order of delivery. The sheriff took possession of the vehicle on September 18, 1970 and on the same day turned it over to plaintiff. The order of delivery was served on defendant on September 17, 1970; he entered his appearance on October 26, 1970; on November 24, 1970 he filed his answer and, with leave, a third party petition. On May 21, 1971, plaintiff's motion for an order directing sale of the vehicle was sustained and the proceeds were ordered paid into the court registry. This was done. Additional motions, interrogatories, and requests for admissions were filed and on August 22, 1972, defendant filed its motion for summary judgment. The motion attacked the pre-hearing seizure of the vehicle as unconstitutional. The affidavit in support set forth only the facts of the seizure, the absence of notice of hearing, and defendant's non-waiver of his rights. Plaintiff filed a cross-motion for summary judgment and

an affidavit in support. The affidavit set up the facts upon which plaintiff claimed its lien against the vehicle and factual statements indicating that defendant surrendered the vehicle to the sheriff following telephone arrangements between his counsel and plaintiff's counsel. On September 6, 1972, the court entered its order as follows:

"Defendant's motion for summary judgment, heretofore heard and submitted, is sustained. See Fuentes v. Fla. et al. U. S. Su. CO. 40 L.W. 4692 6–12–72. No prior hearing. Costs Plaintiff."

▮ Defendant has filed a motion to dismiss on the basis that Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 35 L.Ed.2d 556 (1972) and State ex rel. Williams v. Berrey, 492 S.W.2d 731 (Mo.1973) control this case. This motion and his argument in his brief is based upon the contention that Fuentes has rendered the entire "Replevin with Bond" cause of action unconstitutional. We think defendant and the trial court have read Fuentes too broadly.

*Fuentes* dealt solely with the provisions of the Florida and Pennsylvania law which permitted seizure of a chattel without a due process hearing. The Court held:

"We hold that the Florida and Pennsylvania prejudgment replevin *provisions* work a deprivation of property without due process of law *insofar as they deny the right to a prior opportunity to be heard before chattels are taken from their possessor.*" (l. c. 407 U.S. at 2002, 96). (Emphasis supplied).

*Fuentes* in no way declared that a cause of action in replevin was unconstitutional, only that prejudgment seizure without a due process hearing was unconstitutional. In State ex rel. Williams v. Berrey, *supra,* the Missouri Supreme Court specifically refrained from a holding that *Fuentes,* per se, made the Missouri replevin statutes unconstitutional. It held only that a seizure made without a hearing was void. As stated there:

"It must be remembered that a suit in replevin looks to a judgment at some

time after the suit is filed regardless of whether or not prejudgment possession of the chattels is obtained. The prejudgment possession portion of the replevin statutes is in aid of the principal suit—replevin—but is not the substantive suit itself. The judgment for a plaintiff in replevin vests the right to the possession of certain property in plaintiff and adjudicates that the defendant is not entitled to that possessory right." [1].

Whatever the effect of the seizure without hearing here, plaintiff's underlying claim in replevin was in no way challenged by defendant's affidavit or motion. Defendant had appeared before the court and the court had jurisdiction over the subject matter of the litigation. On its face plaintiff's petition stated a cause of action and there were facts in dispute between the parties. The court could not in that posture grant summary judgment to defendant.

Judgment reversed and cause remanded.

CLEMENS and McMILLIAN, JJ., concur.