HARRIS-INTERTYPE CORP., Plaintiff-Appellee, *v.* DONLEY BINDERY Co., Defendant-Appellant.

(No. 74-300;

Fifth District—February 7, 1975.

*Rehearing denied April 9, 1975.*

Russell H. Classen, of Belleville, for appellant.

Ralph D. Walker, of Walker & Williams, of Belleville, and John C. Shepherd, of Coburn, Croft, Shepherd & Herzog, of St. Louis, Missouri, for appellee.

Mr. JUSTICE KARNS delivered the opinion of the court:

This is an appeal from a summary judgment entered in the Circuit Court of St. Clair County in favor of plaintiff-appellee, Harris-Intertype

Corporation, for possession of a paper cutter. A verified complaint brought under section 4 of "An Act to revise the law in relation to replevin" (Ill. Rev. Stat. 1971, ch. 119, par. 4) [hereinafter cited as the Replevin Act] alleged only that plaintiff was the owner of the paper cutter, valued at $13,000, and that the cutter was wrongfully detained by the defendant, and prayed for return of the property or judgment for its value. From an amended complaint and motion for summary judgment later filed, it appears that plaintiff and defendant entered into an installment sales contract wherein plaintiff agreed to sell defendant the paper cutter, reserving title and right to repossession in the event of default until the full purchase price was paid. Plaintiff served defendant with the complaint and notice of a hearing to determine if a writ of replevin should issue.

On May 25, 1973, the hearing was held before the Honorable D. W. Costello, the defendant appearing by counsel. Although the hearing was not transcribed, the record indicates that arguments of counsel were heard. The court approved a bond of $26,000, twice the alleged value of the paper cutter, and the writ was ordered to issue; the court stayed issuance, however, until June 11, 1973, and the writ was not served until June 20, 1973. Plaintiff-appellee argues that the delay was ordered by the court to allow defendant time to pay plaintiff the amount owed; however, no indication of the reason for the delay appears in the record before us. On June 29, defendant filed a motion to dismiss the complaint.

On July 20, 1973, plaintiff filed the motion for summary judgment supported by affidavit of plaintiff's district manager; on April 16, 1974, judgment was entered. Defendant thereafter filed various motions to set aside the judgment and to dismiss the complaint. These motions were denied and this appeal ensued.

Appellant first argues that the Replevin Act (Ill. Rev. Stat. 1971, ch. 119), as it existed when this action was commenced, was "unconstitutional" and that no action could be brought under an "unconstitutional" statute.

This argument arises from the decision of the Supreme Court of the United States in *Fuentes v. Shevin*, 407 U.S. 67, 32 L.Ed. 556, 92 S.Ct. 1983 (1972), and the earlier decisions of *Blair v. Pitchess*, 5 Cal.3d 258, 486 P.2d 1242, 96 Cal.Rptr. 42 (1971), and *Laprease v. Raymours Furniture Co.*, 315 F.Supp. 716 (N.D.N.Y. 1970). *Fuentes* was concerned with statutes of Florida and Pennsylvania, much like the Illinois Replevin Act in force at the time this action was commenced, which permitted prehearing or prejudgment repossession of chattel property by claimants. In *Fuentes*, the Court stated:

"We hold that the Florida and Pennsylvania prejudgment re-

plevin provisions work a deprivation of property without due process of law insofar as they deny the right to a prior opportunity to be heard before chattels are taken from their possessor." 407 U.S. 67, 96, 32 L.Ed.2d 556, 579.

Prior to *Fuentes*, the Illinois Replevin Act allowed the issuance of a replevin writ without any hearing to determine the plaintiff's probable superior claim to possession of the chattel. (Ill. Rev. Stat. 1971, ch. 119, par. 4.) In response to *Fuentes*, the act was amended, effective August 13, 1973, to require written notice and a hearing, except in extraordinary situations, not applicable here, prior to the issuance of the writ. Ill. Rev. Stat. 1973, ch. 119, pars. 4a, 4b, 4c.

This action was brought under the prior act, but concluded under the act as amended. While it is notable that the constitutional issue was not raised until defendant filed his amended motion to set aside the summary judgment, thus raising some question whether and when the issue was adjudicated, we believe that the issue is properly before us.

Appellant states that the holding in *Fuentes* rendered the Illinois Replevin Act, at least prior to amendment, invalid in its entirety, with the consequence that no cause of action could be predicated upon it. This misapprehends the nature of the judicial process in deciding constitutional questions. They are not decided in a vacuum, or in the abstract, but only in the context of concrete factual situations. In *Fuentes*, the Court emphasized that its holding was a narrow one; that it only decided that the Florida and Pennsylvania prejudgment replevin statutes worked a denial of procedural due process under the fourteenth amendment of the Constitution of the United States by allowing the taking of property without prior opportunity to be heard on the issue of the prima facie validity of the claimant's right to possession. The Court stated that it was not suggesting that a State may not allow seizure of goods before final judgment, nor was it mandating any particular form of hearing procedure.

This decision does not of its own force invalidate the Illinois Replevin Act. It is obvious that the appellee in the case at bar was aware of *Fuentes*; a procedure was devised as suggested there that would satisfy procedural due process.

■■ Appellant was afforded a hearing prior to the issuance of the writ. The requirement of *Fuentes* was thereby satisfied. Appellant is not a person aggrieved by any defect in the statute and does not have standing to raise this question in this court. (*Edelen v. Hogsett*, 44 Ill.2d 215, 254 N.E.2d 435 (1969).) Courts do not rule on the constitutionality of a statute where its provisions do not affect the parties, or where the complaining party is only theoretically affected by the alleged invalidity of

the provision. (*Klein v. Department of Registration and Education,* 412 Ill. 75, 88, 105 N.E.2d 758, 765 (1952).) Stated otherwise, courts decide constitutional questions only to the extent required by the issues in the case in litigation. *Grasse v. Dealer's Transport Co.,* 412 Ill. 179, 201, 106 N.E.2d 124, 135 (1952), *cert. denied* 344 U.S. 837, 97 L.Ed. 651, 73 S.Ct. (1952).

■■■ In any event there would be no basis to hold the entire Replevin Act invalid. A replevin action tries the right to possession of chattels; this is so whether or not prejudgment possession is obtained under a replevin writ. The appeal here is from the order of summary judgment which determined appellee's right to possession of the property, not from the order of May 25, 1973, directing issuance of the writ; thus, this issue is not before the court on appeal. Additionally, the failure of section 4 of the Replevin Act (Ill. Rev. Stat. 1971, ch. 119, par. 4) to provide a prejudgment hearing would affect only the validity of that part which allowed the issuance of a writ without a hearing. Where only a portion of a statute is void, the remaining parts are still operative unless so interdependent that the legislature would not be presumed to have enacted one without the other or where the invalidity of a part renders the remainder unworkable or meaningless. (*Myers v. Krajefska,* 8 Ill.2d 322, 134 N.E.2d 277 (1956); *Father Basil's Lodge, Inc. v. City of Chicago,* 393 Ill. 246, 261, 65 N.E.2d 805, 814 (1946).) The prejudgment possession provision of the Replevin Act prior to amendment was but a part of the entire remedy and not an indispensable part. The writ of replevin is ancillary and merely in aid of the principal suit, not the cause of action itself.

A like result has been reached by courts in other jurisdictions. In *Associates Financial Services Inc. v. Salky,* 510 S.W.2d 41 (Mo. App. 1974), the Missouri Court of Appeals held:

> "*Fuentes* in no way declared that a cause of action in replevin was unconstitutional, only that prejudgment seizure without a due process hearing was unconstitutional. In State ex rel. Williams v. Berry, [492 S.W.2d 731 (1973)], the Missouri Supreme Court specifically refrained from holding *Fuentes,* per se, made the Missouri replevin statute unconstitutional. It only held that a seizure made without a hearing was void." 510 S.W.2d 41, 42.

■■ Replevin provides an action for possession of chattel property, enforceable after judgment, even without the provision for summary prejudgment possession.

*Laprease v. Raymours Furniture Co.,* 315 F.Supp. 716 (N.D.N.Y. 1970), and *Blair v. Pitchess,* 5 Cal.3d 258, 486 P.2d 1242, 96 Cal.Rptr. 42 (1971), were decided prior to *Fuentes.* Both involved injunctions against

the issuance of replevin writs without hearing. They do not affect the result we reach here.

■■ Appellant next contends that the complaint was defective in failing to allege the amount due on the underlying obligation and in understating the value of the paper cutter. Replevin is purely a statutory remedy. Section 4 of the Replevin Act (Ill. Rev. Stat. 1971, ch. 119, par. 4) sets forth the required allegations. *Blum v. City of Chicago*, 126 Ill. App.2d 228, 261 N.E.2d 457 (1970).

■■■ Value is important only for the purpose of fixing bond as required by section 10 of the Replevin Act. (Ill. Rev. Stat. 1971, ch. 119, par. 10; *Mattoon Heat, Light & Power Co. v. Walker*, 134 Ill.App. 414, 416 (1907).) The value of the chattel does not present a triable issue of fact, as asserted by defendant, since the action is not one for money damages or to recover the amount due under the underlying contract. The value of the equipment could have been controverted at the hearing prior to issuance of the writ; it was not. In any event, value had nothing to do with appellee's right to possession of the paper cutter. The only question to be determined in a replevin action is the claimant's right to possession. It is only where the property is not found upon service of the writ that the claimant may recover judgment for the value of the chattel or the value of his interest therein. Ill. Rev. Stat. 1971, ch. 119, par. 18; *Hanaman v. Davis*, 20 Ill.App.2d 111, 155 N.E.2d 344 (1959).

■■■ As a corollary, it would not have been necessary to allege in the complaint and affidavit the amount due since the action is one primarily for possession. This question is fully discussed in *O'Toole v. Klimek, Boat & Engine Works*, 24 Ill.App.2d 111, 164 N.E.2d 253 (1960). At common law, trover and replevin were inconsistent remedies. In the main, this distinction is preserved in the Illinois Replevin Act.

■■ This brings us to appellant's next contention that the court erred in granting plaintiff's motion for summary judgment. The defendant filed no answer or counter-affidavit, only the motion to dismiss. The motion to dismiss raised no material issue of fact; thus, plaintiff's allegations of fact, which clearly entitled it to summary judgment, were uncontroverted. (*Harrell v. Summers*, 32 Ill.App.2d 358, 178 N.E.2d 133 (1961).) Subsequent to judgment, appellant filed a verified motion to set aside the order of summary judgment and an amended motion to dismiss. Without ruling on the timeliness of these pleadings, it is apparent that nothing is therein pleaded which controverted plaintiff's right to possession of the paper cutter. Clearly no bona fide issue of fact was ever raised by the numerous pleadings filed by appellant. *Porter v. Miller*, 24 Ill.App.2d 424, 164 N.E.2d 601 (1960).

■■ Defendant next argues that before a writ of replevin may issue,

demand must be made of the defendant by the plaintiff for return of the property. (*First National Bank v. Lowery,* 17 Ill.App.2d 288, 149 N.E.2d 660 (1958) (abstract opinion); *Universal C.I.T. Credit Corp. v. Thompson,* 349 Ill.App. 464, 110 N.E.2d 877 (1953) (abstract opinion).) It appears, however, that a demand was made; defendant at no time prior to this appeal challenged the allegation of demand contained in plaintiff's amended complaint. In any event, the cases cited by defendant are distinguishable. Those cases involved ex parte replevin actions where the defendants first received notice of plaintiffs' suits when the writs were served. Here, as noted above, defendant was given ample opportunity, both at the hearing and in the ensuing 26 days until service of the writ, to return the property. During that period, defendant made no attempt to return the property, pay the debt, or indeed, make any indication that it wished to satisfy the debt. As noted, we find demand was properly alleged even though not required here.

Similarly, appellant argues that the trial court's order precluded the right to redeem the property which it contends was improperly sold under article 9 of the Uniform Commercial Code (Ill. Rev. Stat. 1973, ch. 26, par. 9—501 *et seq.*). This issue is not before the court and was not raised nor decided in the trial court. If the property were improperly disposed of, an action would lie on the replevin bond and under the Uniform Commercial Code.

Accordingly, the judgment of the Circuit Court of St. Clair County is affirmed.

Affirmed.

G. MORAN and EBERSPACHER, JJ., concur.