FIRST ILLINI BANK, Plaintiff-Appellee, v. WITTEK INDUSTRIES, INC., Defendant-Appellant.—FIRST ILLINI BANK, Plaintiff-Appellee, v. WITTEK INDUSTRIES, INC., Defendant-Appellant.

Third District    Nos. 3—93—0422, 3—93—0437 cons.

Opinion filed May 27, 1994.—Rehearing denied June 23, 1994.

George C. Hook, of George C. Hook, P.C., of Chicago, for appellant.

Robert Lindstrom, of Mustain & Lindstrom, of Galesburg, for appellee.

JUSTICE McCUSKEY delivered the opinion of the court:

The defendant, Wittek Industries, Inc. (Wittek), appeals from a judgment of the circuit court of Knox County entitling the plaintiff, First Illini Bank (the Bank), to replevy substantial portions of Wittek's assets. These assets constituted the security for an unpaid promissory note executed by the Bank and Wittek. Wittek contends the Bank's complaint in replevin was deficient in failing to allege a demand for the return of the secured property and Wittek's refusal to surrender the property. We agree and reverse.

Wittek raises in this consolidated appeal other contentions concerning the propriety of the trial court's rulings pertaining to the following: (1) the sufficiency of Wittek's answer, affirmative defenses and counterclaims; (2) its efforts to have a new judge hear the cause; (3) the grant of summary judgment on the Bank's complaint; and (4)

Wittek's appeal bond. Because the Bank's complaint was the pleading which initiated this case, and because we find the complaint fails to state a cause of action, we vacate all of the trial court's rulings on these issues.

On February 18, 1992, Wittek executed a security agreement pledging its inventory, machinery, and equipment as collateral for all debts Wittek owed to the Bank. Three days later, on February 21, 1992, Wittek and the Bank executed a promissory note for $250,000. By its terms, this note matured on May 21, 1992. In April 1992, the Bank agreed to extend the note's maturity date to August 20, 1992. Wittek did not pay the note on the maturity date. In a letter dated August 21, 1992, the Bank demanded payment from Wittek on the promissory note by August 24, 1992. Again, Wittek failed to make payment on that date. On August 28, 1992, the Bank filed a complaint seeking to replevy Wittek's assets as a result of Wittek's default on the note.

On May 6, 1993, the Bank filed a motion for summary judgment on its complaint. The trial court granted the Bank's motion on May 28, 1993. That same day, Wittek filed a timely notice of appeal.

The complaint contains allegations the Bank is entitled to the property and that Wittek wrongfully detained the property. However, the complaint does *not* allege the Bank demanded the surrender of the property. Also absent from the complaint are any facts tending to excuse the Bank from making such a demand. Based on these deficiencies, Wittek contends the Bank's complaint fails to state a cause of action. We agree with Wittek.

An action for replevin may be brought to recover wrongfully detained goods or chattels. (735 ILCS 5/19—101 (West 1992).) A complaint in replevin must state that the defendant is wrongfully detaining the property in issue. (735 ILCS 5/19—104 (West 1992).) If the defendant has lawful possession of the property, a replevin action cannot be maintained until the plaintiff has made a demand for the surrender of the property and the defendant has refused. (*Keller v. Robinson & Co.* (1894), 153 Ill. 458, 466, 38 N.E. 1072; *Ohio & Mississippi Ry. Co. v. Noe* (1875), 77 Ill. 513, 514.) Until demand has been made and refused, the defendant's possession of the property is not considered wrongful. (*Solomon R. Guggenheim Foundation v. Lubell* (1991), 77 N.Y.2d 311, 318, 569 N.E.2d 426, 429, 567 N.Y.S.2d 623, 626; *Pugh v. Stratton* (1969), 22 Utah 2d 190, 195, 450 P.2d 463, 466.) At trial, the plaintiff in a replevin action must prove the defendant is wrongfully detaining the property. *Keller*, 153 Ill. at 466.

However, a demand is not necessary where the circumstances indicate its futility. (*Kee & Chapell Dairy Co. v. Pennsylvania Co.*

(1920), 291 Ill. 248, 255, 126 N.E. 179; *Tucker v. Capital City Riggers* (Ind. App. 1982), 437 N.E.2d 1048, 1051.) In order to excuse the requirement of a demand for the surrender of property, the evidence must show the demand would have been unavailing. *National Bond & Investment Co. v. Zakos* (1923), 230 Ill. App. 608, 612.

■ Here, the complaint alleges the Bank is entitled to Wittek's assets due to its default on the promissory note. The complaint also alleges Wittek has wrongfully detained the property. However, the Bank's complaint is barren of any facts to support its allegation. The complaint contains no statement the Bank demanded the surrender of the property or that Wittek refused to surrender the property. Nothing in the Bank's complaint indicates the futility of a demand. Therefore, the Bank's complaint fails to state a cause of action and should have been dismissed. As a consequence, the trial court erred in granting the Bank's motion for summary judgment.

■ The Bank asserts that *Harris-Intertype Corp. v. Donley Bindery Co.* (1975), 26 Ill. App. 3d 140, 324 N.E.2d 668, eliminates the requirement of demand in a replevin action when the defendant has notice of the suit before an order of replevin issues. The trial court relied on this decision. We consider the statement of the *Harris-Intertype* court that demand is not required to be *dicta*.

Comments by an appellate court on a point not in controversy lack the authoritative force of precedent. (*Sexton v. Brach* (1984), 124 Ill. App. 3d 202, 206, 464 N.E.2d 284, 287.) The *Harris-Intertype* court cited no authority for the proposition that demand is not required. Furthermore, the court noted the plaintiff *had* made a demand on the defendant for the return of the property. (*Harris-Intertype*, 26 Ill. App. 3d at 147.) Accordingly, the court's statements that demand was not required were not necessary to decide the case and are not binding upon this court.

A literal interpretation of *Harris-Intertype* would effectively excise the demand requirement as an element of wrongful detention. We cannot agree with such a holding. The United States Supreme Court's decision in *Fuentes v. Shevin* (1972), 407 U.S. 67, 82-83, 32 L. Ed. 2d 556, 571, 92 S. Ct. 1983, 1995, held that the judicial practice of issuing replevin orders prior to notice and hearing violated fundamental precepts of procedural due process. After *Fuentes* was decided, our General Assembly enacted a law requiring written notice and a hearing in replevin actions. 735 ILCS 5/19—105 (West 1992).

The court in *Harris-Intertype* apparently understood *Fuentes* to mean that plaintiffs were no longer required to make a demand as "notice" to the defendant prior to filing suit in replevin actions. We believe the *Harris-Intertype* court misperceived the meaning of the

Supreme Court's holding. The decision in *Fuentes* only requires that notice be given to defendants in replevin actions. The *Fuentes* decision does not address the demand requirement as an element of wrongful detention. In response to *Fuentes*, the General Assembly enacted a law which requires written notice and a hearing in replevin cases. Neither the United States Supreme Court nor the General Assembly has altered the basic elements of a replevin action. Similarly, we find nothing in the reported decisions of the Illinois Supreme Court or the reported decisions of our sister States which dispenses with the requirement of demand and refusal in replevin cases. Accordingly, we hold that the demand requirement remains an essential part of wrongful detention in a replevin action. To the extent our decision is inconsistent with *Harris-Intertype*, we decline to follow its reasoning.

In sum, the trial court's decision not to dismiss the Bank's complaint is reversed. The trial court's other rulings and decisions are vacated. The cause is remanded with directions to dismiss the Bank's initial complaint without prejudice and to conduct further proceedings consistent with this opinion. In light of our holding, we decline to address the other issues raised in these appeals.

Vacated and reversed and remanded with directions.

STOUDER and LYTTON, JJ., concur.