2016 IL App (1st) 151545
No. 1-15-1545
June 21, 2016

SECOND DIVISION

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) ) | Appeal from the Circuit Court Of Cook County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 13 L 51065 |
| LOOP OPERATIONS, | ) ) ) | The Honorable Robert L. Cepero, Judge Presiding. |
| Defendant-Appellee. | ) | |

JUSTICE NEVILLE delivered the judgment of the court, with opinion.
Justices Simon and Hyman concurred in the judgment and opinion.

**OPINION**

¶ 1     State Farm Mutual Automobile Insurance Company filed a complaint for replevin against Loop Operations, seeking return of a car to which State Farm held the title. Although State Farm showed that it complied with the notice provisions of the Code of Civil Procedure (Code) (735 ILCS 5/19-104, 19-105 (West 2012)), the trial judge held the notice inadequate, finding that the statute did not sufficiently protect Loop Operations' rights. The judge dismissed the complaint. In this appeal, we hold that the trial judge had no authority to create a nonstatutory notice requirement, and he also had no authority to apply his personal rules

regarding adequate notice retroactively as grounds to dismiss State Farm's complaint. We reverse the trial court's judgment and remand for further proceedings in accord with this order.

¶ 2                                              BACKGROUND

¶ 3          On November 5, 2012, a car that Monroe Davis owned collided with another car. Jazza Alissa, owner of Loop Operations, came upon the scene of the accident while driving his tow truck. He towed Davis's car to a safety lot. Davis's insurer, State Farm, paid Davis for the car, and Davis assigned his title to State Farm.

¶ 4          About a week after the accident, Loop Operations sent State Farm a bill for towing the car and storing it. On November 15, 2012, State Farm mailed to Loop Operations a formal demand for return of the car. State Farm mailed the demand to 5524 W. 24th Place, Cicero, the address Loop Operations used on the bill it sent to State Farm. State Farm sent a second demand to the same address in December 2012, but this time State Farm added that Loop Operations violated several statutes when it took possession of the car. State Farm refused to pay Loop Operations' charges and continued to demand return of the car. State Farm separately mailed a demand for release of the car to Loop Operations' attorney.

¶ 5          On June 13, 2013, Loop Operations sent State Farm another letter demanding payment. Loop Operations used a post office box as its address. On July 1, 2013, State Farm replied with another demand for the car coupled with a refusal to pay Loop Operations's charges. State Farm addressed the letter to "5114 W. 25th Pl., Cicero."

¶ 6 In November 2013, State Farm filed a complaint against Loop Operations, stating counts for replevin, consumer fraud, conversion and unjust enrichment. The trial court set the matter for a hearing on replevin. State Farm prepared a pretrial memorandum and attached a copy of Alissa's deposition. At the September 2014 deposition, Alissa testified that he did not remember whether he saw the original demand that State Farm sent to 5524 W. 24th Place. He said he lived at that address "about three years ago," but he did not say when he moved to 5114 W. 25th Place. Alissa admitted that as of December 2012, he knew that State Farm demanded return of the car and refused to pay Loop Operations' charges.

¶ 7 After the replevin hearing, the trial judge entered an order in which he said:

"State Farm sent 'notice' to the wrong address of Loop Operations until July 1, 2013. Since notice was not received until seven months later & pursuant to statute replevin fails.

*** The remaining counts are dismissed due to the fact replevin fails, no legal remedies exist."

¶ 8 State Farm filed a motion for reconsideration in which it pointed out that the notice it sent in July 2013 met the requirements of the replevin section of the Code. At the hearing on the motion for reconsideration, the trial judge asked, "Does the Court have the power *** to impose *** notice requirements to be sure that all parties' due process rights are protected?" State Farm's attorney responded that it had protected Loop Operations' rights by providing actual notice shortly after the accident. The attorney relied on Alissa's testimony that he knew of State Farm's demand in December 2012. The trial judge said, "Does that satisfy the

3

rudiments of what notice requirements whether it be for demand hearing or any other kind of notice that requires judicial process?" The attorney said the notice sufficed. The judge disagreed and denied the motion for reconsideration. State Farm now appeals.

¶ 9                                                                 ANALYSIS

¶ 10        Loop Operations has not replied to State Farm's brief on appeal. We decide the merits of the appeal because we can resolve the reasonably straightforward issues without the aid of an appellee's brief. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976). The parties did not dispute any of the facts concerning notice, so we review the trial court's ruling *de novo*. *Norskog v. Pfiel*, 197 Ill. 2d 60, 70-71 (2001).

¶ 11        Section 19-105 of the Code provides, "The defendant shall be given 5 days written notice *** of a hearing before the court to contest the entry of an order for replevin." 735 ILCS 5/19-105 (West 2012). Illinois courts have also interpreted section 19-104 as a kind of notice provision for replevin. Section 19-104 provides that a complaint for replevin must state that "the property is wrongfully detained by the defendant." 735 ILCS 5/19-104 (West 2012). In *First Illini Bank v. Wittek Industries, Inc.*, 261 Ill. App. 3d 969, 970 (1994), the court held that "[u]ntil demand has been made and refused, the defendant's possession of the property is not considered wrongful." Thus, a plaintiff filing a complaint for replevin must either show a prior demand and refusal for the property, or he must show that "circumstances indicate [the] futility" of such a demand. *First Illini*, 261 Ill. App. 3d at 970.

¶ 12        Here, State Farm met the requirements of both sections 19-104 and 19-105. State Farm sent notice of its demand to Loop Operations' current address by July 1, 2013, and Loop

Operations refused to return State Farm's property. The demand and refusal preceded the filing of the complaint by more than four months. The trial court held the hearing on the motion for an order for replevin on February 11, 2015. The record shows that Loop Operations received notice of the hearing on December 23, 2014, considerably more than five days in advance of the hearing. See 735 ILCS 5/19-105 (West 2012).

¶ 13 Despite State Farm's compliance with all statutory notice requirements, the trial judge decided that the statutory notice did not sufficiently protect Loop Operations' property interest in the car State Farm owned, so the trial court entered a judgment against State Farm on all counts of State Farm's complaint. The judge effectively amended the replevin section of the Code to add a third notice requirement in addition to the notice requirements the legislature imposed, and the trial court then applied its homemade amendment retroactively to defeat State Farm's property rights, without codification of the judge's amendment and without any prior notice to State Farm of the procedures the court required for the protection of State Farm's property rights. By creating a nonstatutory, personal notice requirement and applying it retroactively, the trial judge overstepped his authority.

¶ 14 The court usurped the legislature's power. "Under the doctrine of separation of powers, courts may not legislate, rewrite or extend legislation. If the statute as enacted seems to operate in certain cases unjustly or inappropriately, the appeal must be to the General Assembly, and not to the court." *People v. Garner*, 147 Ill. 2d 467, 475-76 (1992). The trial judge relied on the power of the courts to "make rules of pleading, practice and procedure for the circuit, Appellate and Supreme Courts." 735 ILCS 5/1-104(a) (West 2012). But the

legislature delegated the rule-making power set out in section 1-104(a) only to our supreme court. 735 ILCS 5/1-104(a) (West 2012); see *Vicencio v. Lincoln-Way Builders, Inc.*, 204 Ill. 2d 295, 302-03 (2003).

¶ 15    The circuit court may make rules regulating their dockets, calendars, and business, subject to the supreme court rules. 735 ILCS 5/1-104(b) (West 2012); see *Crawford County Oil, LLC v. Weger*, 2014 IL App (5th) 130382, ¶ 17. Supreme Court Rule 21 provides that "[a] majority of the circuit judges in each circuit may adopt rules governing civil and criminal cases which are consistent with these rules and the statutes of the State, and which, so far as practicable, shall be uniform throughout the State." Ill. S. Ct. R. 21(a) (eff. Dec. 1, 2008). Our supreme court has granted the limited power under Rule 21 only to "[a] majority of the circuit judges in each circuit"; our supreme court has not granted individual judges the authority to promulgate personal rules for notice. Thus, the circuit judge had no authority to create *sua sponte* a notice requirement apart from the requirements in the Code sections pertaining to replevin.

¶ 16    Moreover, even the legislature and the majority of circuit judges could not amend the statute and make the amendment apply retroactively to deprive a litigant of its property rights. The legislature and the courts generally cannot make a statute or rule apply retroactively if such application " 'would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed.' " *Hayashi v. Illinois Department of Professional and Financial Regulation*, 2014 IL 116023, ¶ 23 (quoting *Landgraf v. USI Film Products*, 511 U.S. 244,

280 (1994)). Here, State Farm had already sent Loop Operations a demand for return of its property, and the court had provided notice of a replevin hearing, before the judge decided to impose a new, nonstatutory notice requirement. The court did not give State Farm any prior notice of its intention to add a new notice requirement, and State Farm had no opportunity to comply with the new notice requirement after the judge adopted it. Even the legislature and the majority of the circuit court judges lacked authority to impair State Farm's rights by creating the rule the trial judge imposed.

¶ 17                                   CONCLUSION

¶ 18        The trial judge had no authority to promulgate or adopt a new notice requirement, and he had no authority to apply the new requirement retroactively to impair State Farm's property rights. Accordingly, we reverse the trial court's judgment and remand for further proceedings in accord with this order.

¶ 19        Reversed and remanded.